## STATE OF NORTH DAKOTA EX REL. A. J. ARNOT, Respondent, v. T. E. FLAHERTY, as County Auditor, of Burleigh County, North Dakota, Appellant.

### (178 N. W. 790.)

**Constitutional law — municipal corporations — statute limiting amount of levies for certain years held to apply to cities and to be constitutional although retroactive.**

By chapter 214, Laws 1919, as amended and re-enacted by chapter 61, Laws, Special Session, 1919, it is provided that "for the years 1919 and 1920 the total annual amount of taxes levied for any purpose, except special levies for local improvements and for the maintenance of sinking funds, in any county . . . or in any village, town or city within the state, shall not exceed more than 10 per cent the amount that would have been produced by the levy of the maximum rate provided by law upon the assessed valuation of 1918." And that "in all cases wherein levies have been made or salaries or debts increased, . . . contrary to the limitations prescribed" therein, "the same shall be revised and corrected so as to conform to the provision of chapter 214, Laws of North Dakota," as amended by said chapter 61.

The plaintiff brought this action to restrain the defendant county auditor from applying said act to the levy made by the city of Bismarck in September, 1919, on the grounds: (a) That chapter 214, Laws 1919, did not apply to cities; and (b) that chapter 61, Laws, Special Session, 1919, in so far as it attempted to so apply, is unconstitutional.

For reasons stated in the opinion, plaintiff's contentions are overruled, and it is *held* that his complaint does not state facts sufficient to constitute a cause of action.

### Opinion filed June 22, 1920.

Appeal from the District Court of Burleigh County, *Nuessle,* J.

Defendant appeals from an order overruling a demurrer to the complaint.

Reversed.

*Edward S. Allen,* State's Attorney for Burleigh County, and *Joseph Coghlan,* for appellant.

The intention of the legislature must be ascertained and given effect in construing statutes. State ex rel. Langer v. Kositzky, 31 N. D. 623.

The object of all statutory interpretation and construction is to ascertain and give effect to the legislative intention. State ex rel. Linde v. Taylor, 33 N. D. 98; Power v. Hamilton, 22 N. D. 179.

Entire statute considered as well as title in construing legislative intent. Granger v. Lorenzen, 28 S. D. 295; Cass County v. Nixon, 35 N. D. 605.

The rule is well established that an attempt must be made to give effect to the intention of the legislature if a law is doubtful. Murray Bros. v. Buttler, 32 N. D. 571; State v. Stockwell, 23 N. D. 97.

*H. F. O'Hare,* for respondent.

Some statutes relating to particular matters are construed to include a county within the term "municipalities." Herman v. Essex Co. 71 N. J. Eq. 541, 64 Atl. 742, affirmed in 73 N. J. Eq. 415, 417, 75 Atl. 1101.

And some statutes relating to "counties" have been held to include cities, either in a political (Wayne County v. Detroit, 17 Mich. 390; O'Brien v. Vulcan Iron Works, 7 Mo. App. 257); or geographical sense (Dominion Iron, etc. Co. v. Sydney, 37 N. S. 495); while other statutes are held not to include cities within the term "county" or "counties." Camp's Appeal, 80 Conn. 272, 68 Atl. 444; Thompson v. Peru, 29 Ind. 305; Aurora v. West, 9 Ind. 74.

And in case of doubt as to the construction of either the statute or contract, that construction will be preferred by which no impairment will result. Texas etc. R. Co. v. Wells-Fargo Exp. Co. 101 Tex. 564, 110 S. W. 38, affirming (Tex. Civ. App.), 108 S. W. 172 (Anti-Free Pass. Law) and see statutes (36 Cyc. 1103).

PER CURIAM. This is an appeal from an order entered by the district court of Burleigh county overruling a demurrer to plaintiff's complaint. The action is one to enjoin the county auditor from reducing the tax levy made by the city of Bismarck for the fiscal year com-

mencing September 1, 1919. The complaint alleges that the defendant county auditor, under and by virtue of the authority purported to be conferred upon him by chapter 61, Laws, Special Session, 1919, is about to, and unless restrained from so doing, will "cut down and reduce the tax levy made by the city of Bismarck for said fiscal year. The complaint further avers that said chapter 61 is "retroactive and ex post facto in effect, and unconstitutional and void." In other words, the action is one to restrain the defendant county auditor from performing the duties enjoined upon him by said chapter 61, on the ground that said chapter is unconstitutional.

At the regular session in 1919 the legislature enacted chapter 214, Laws 1919, which provides for the limitation of tax levies and debt limits in counties and political subdivisions thereof. The first two sections of the chapter read:

"Section 1. For the years 1919 and 1920, the total annual amount of the taxes levied for any purpose, except special levies for local improvements and for the maintenance of sinking funds in any county or political subdivision thereof, shall not exceed by more than 10 per cent the amount that would be produced by the levy of the maximum rate provided by law upon the assessed valuation of 1918; provided, that for road or school purposes the amount levied may be 20 per cent for 1919 and 40 per cent for 1920, respectively, upon the basis of the assessed valuation of 1918.

"Section 2. No salary of any official now determined on the basis of the amount of the assessed valuation of the taxable property in any county or political subdivision thereof shall be increased, prior to July 1, 1921, beyond the amount now authorized on the basis of the assessed valuation of 1918."

At the special session convened in November, 1919, chapter 214 was amended and re-enacted as chapter 61 of the laws of such special session. As so amended and re-enacted the two above-quoted sections read:

"Section 1. For the years 1919 and 1920, the total annual amount of the taxes levied for any purpose, except special levies for local improvements and for the maintenance of sinking funds, in any county or political subdivisions thereof, or in any village, town, or city within the state, shall not exceed by more than 10 per cent the amount that would be produced by the levy of the maximum rate provided by law

upon the assessed valuation of 1918; provided, that for road and school purposes the amount levied may be 20 per cent for 1919 and 40 per cent for 1920, respectively, upon the basis of the assessed valuation of 1918.

"Section 2. No salary of any official now determined on the basis of the amount of the assessed valuation of the taxable property in any county or political subdivision thereof, or in any city, town, or village shall be increased, prior to July 1, 1921, beyond the amount now authorized on the basis of the assessed valuation of 1918."

The act also contained the following provisions:

"Section 5. In all cases wherein levies have been made or salaries or debts increased, or any duty or power of any official has been limited or extended in excess of or contrary to the limitations prescribed herein, the same shall be revised and corrected so as to conform to the provision of said chapter 214, Laws of North Dakota 1919, as hereby amended. Any county, city, town, village, township, or other officer violating any of the provisions of this act, shall be subject to a fine of not less than $100 nor more than $500.

"Section 6. All acts or parts of acts, in so far as inconsistent with provisions of this act, are hereby repealed.

"Section 7. This act is hereby declared to be an emergency measure and shall take effect and be in force from and after its passage and approval."

The plaintiff contends that chapter 214 was not applicable to cities. The respondent, on the other hand, contends that though the language does not in fact include cities, nevertheless the legislature intended that the act should apply to cities. In other words, it is contended that the legislature, in speaking of political subdivisions of counties, meant to include cities. The respondent admits, however, that chapter 61 of the laws adopted at the special session is applicable to cities, but he contends that the law is unconstitutional as so applied.

We do not find it necessary in this action to determine whether chapter 214 as originally adopted applied to cities. The chapter as amended by chapter 61 of the laws adopted by the special session clearly does, and it has not been shown, and the complaint of the plaintiff wholly fails to show, wherein this latter statute, in any manner, contravenes any constitutional provision. That the legislature has power to legis-

late with respect to the subject, and to accomplish the object sought to be accomplished by chapter 214, Laws 1919, we have no doubt. Similar legislation was construed and sustained by this court in Great Northern R. Co. v. Duncan, 42 N. D. 346, 176 N. W. 992. It is true the legislation there construed was prospective in its operation, whereas chap. 61, Laws, Special Session, 1919, by its terms is retroactive. But a law is not necessarily invalid because it is retroactive. Such law is invalid only if it violates the constitutional guarantees that no bill of attainder, *ex post facto* law, or law impairing the obligations of contract, shall ever be passed. U. S. Const. art. 1, § 10; N. D. Const. § 16. Unless violative of some right guaranteed by the state or Federal Constitution, tax laws may be given a retroactive effect. 25 R. C. L. p. 795; McQuillin, Mun. Corp. § 709.

The complaint in this case sets forth no facts which justify the inference that chapter 61, Laws, Special Session, 1919, impairs any contract obligations. We cannot assume that it will have that effect. The presumption is, it will not. The question whether a law impairs the obligations of a contract will be considered and determined only when it is necessarily involved, and raised by one who has an interest in the determination thereof. Mohall Farmers' Elevator Co. v. Hall, 44 N. D. 430, 176 N. W. 131.

The Supreme Court of the United States has said:

"Unless the party setting up the unconstitutionality of the state law belongs to the class for whose sake the constitutional protection is given,. or the class primarily protected, this court does not listen to his objections, and will not go into imaginary cases, notwithstanding the seeming logic of the position that it must do so, because if for any reason, or as against any class embraced, the law is unconstitutional, it is void as to all." New York ex rel. Hatch v. Reardon, 204 U. S. 152, 51 L. ed. 415, 27 Sup. Ct. Rep. 188, 9 Ann. Cas. 736.

As we construe the complaint, it fails to show either that the plaintiff holds any contract the obligations of which will be impaired, or that any contract obligations whatever have been or necessarily will be impaired.

Upon the oral argument some refernce was made to certain items contained in the appropriation ordinance of the city of Bismarck upon which the tax levy involved in this action was based. Appellant's coun-

sel, however, contended that the sole question involved on this appeal is whether the defendant county auditor is justified in carrying out the provisions of chapter 61, Laws, Special Session, 1919, and that the case does not involve the validity of any of the items for which the city commission appropriated money and for which the tax levy in question was made. The correctness of such contention was not seriously questioned by the counsel for the respondent, and, in our opinion, the contention must be sustained. Hence, we do not determine what, if any, reduction the county auditor may make in the tax levy of the city of Bismarck. The presumption is that he will do his duty; that he will permit the tax to stand in such amount as is permissive, and will make such deductions only as are proper. In view of certain arguments advanced both in the briefs and on the oral argument, we deem it proper to say that, while expressing no opinion upon the items involved in the tax levy of the city of Bismarck for 1919, we do not believe that the general city tax referred to and authorized by § 3680, Comp. Laws 1913, includes the tax authorized by §§ 4007, 2006–2035, and 4059; Comp. Laws 1913, respectively, for library, highway, and park purposes. That is, we believe that in cases where these taxes may be, and are, legally levied, they are in addition to those authorized by § 3680, supra. All such taxes, however, are subject to chapter 214, Laws 1919, as amended and re-enacted by chapter 61, Laws, Special Session, 1919.

The order appealed from is reversed, and the cause remanded, with directions that it be dismissed.

CHRISTIANSON, Ch. J., and ROBINSON, BIRDZELL, and BRONSON, JJ., concur.

GRACE, J. I concur in the result.

ROBINSON, J. (concurring specially). I concur in the opinion of Chief Justice Christianson. The purpose of this suit is to enjoin the county auditor from reducing the excessive Bismarck tax levies to the limitations provided by statute. Laws 1919, chap. 214; Special Session 1919, chap. 61. By chapter 214 the annual tax levy of any county or political subdivision thereof (or therein) must not exceed by more than 10 per cent the amount that would be produced by a levy of the

maximum rate on the assessed valuation of 1918. By chapter 61 the annual tax levy in any county, village, town, or city must not exceed by more than 10 per cent the amount that would be provided by a levy of the maximum rate on the assessed valuation of 1918.

By the office of the attorney general, it was held that the limitations of chapter 214 did not apply to a city, because it is not a political subdivision of a county. That construction was entirely too narrow, and it was corrected by chapter 61, though the correction was needless, as the obvious purpose of the first act was to make a uniform limitation on all tax levies. Under the narrow and erroneous construction given to the act, tax levies were made in excess of the limitations. Then there went up a great and continuous roar against the excessive tax levies; now there goes up a similar roar against reducing the erroneous levies to the limitation of the statutes. It shows how some good people are anxious to levy excessive taxes in violation of a plain statute, and then to impugn the law for permitting them to do the wrong, and then they curse the law which forces them to correct the wrong. However, the law must prevail. The wrongs must be made right.