# NEW YORK, ex rel. HATCH, v. REARDON, PEACE OFFICER OF THE COUNTY OF NEW YORK.

## ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 310.   Argued December 11, 12, 13, 1906.—Decided January 7, 1907.

The rule that the general expressions of the Fourteenth Amendment must not be allowed to upset familiar and long established methods is applicable to stamp taxes which are necessarily confined to certain classes of transactions, which, in some points of view are similar to classes that escape.

Whether a tax on transfers of stock is equivalent to a tax on the stock itself depends on the scope of the constitutional provision involved and whatever may be the rights of parties engaged in interstate commerce, a sale depends in part on the laws of the State where made and that State may make the parties pay for the help of its laws.

There must be a fixed mode of ascertaining a stamp tax, and equality in the sense of actual value has to yield to practical considerations and usage.

Although a statute, unconstitutional as to one, is void as to all of a class, the party setting up, in this court, the unconstitutionality of a state tax law must belong to the class for whose sake the constitutional protection is given, or the class primarily protected.

The protection of the commerce clause of the Federal Constitution is not available to defeat a state stamp tax law on transactions wholly within a State because they affect property without that State, or because one or both of the parties previously came from other States.

The tax of two cents a share imposed on transfers of stock, made within that State, by the tax law of New York of 1905, does not violate the equal protection clause of the Fourteenth Amendment as an arbitrary discrimination because only imposed on transfers of stock, or because based on par, and not market, value; nor does it deprive non-resident owners of stock transferring, in New York, shares of stock of non-resident corporations of their property without due process of law; nor is it as to such transfers of stock an interference with interstate commerce.

184 N. Y. 431, affirmed.

THE facts, which involve the constitutionality of the stock transfer law of the State of New York, are stated in the opinion.

*Mr. John G. Milburn, Mr. John F. Dillon* and *Mr. John G. Johnson* for plaintiff in error:

To tax sales of shares of corporate stock exclusively is an arbitrary discrimination in violation of the provision of the Fourteenth Amendment securing the equal protection of the laws.

The act selects from the mass of property, real and personal, in the State, one particular species, and one only, and imposes a tax upon every sale and transfer thereof. Sales of every other species of property are, and always have been, untaxed. The owners of every kind of property may freely sell it in the State of New York without paying any tax, save only the owners of shares of corporate stock. Such owners alone are selected to bear an exceptional and peculiar burden, and sales of corporate shares are arbitrarily put in a class by themselves for the purposes of this tax.

Classification of persons, property or transactions for purposes of taxation must be based on some real distinction to satisfy the constitutional guarantee of equality.

The general rule of equality is that all persons subject to

legislation "shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the limitations imposed." *Hayes* v. *Missouri*, 120 U. S. 68, 71; *Duncan* v. *Missouri*, 152 U. S. 377, 382; *Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 181, 188; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Gulf &c. Ry. Co.* v. *Ellis*, 165 U. S. 159.

Classification for the purposes of taxation is subject to the above rule of equality. *Santa Clara Co.* v. *Southern Pac. R. R. Co.*, 18 Fed. Rep. 385; *Central R. R. Co.* v. *Board of Assessors*, 48 N. J. L. 1; *In re Pell*, 171 N. Y. 48.

There is no basis for the separation of sales of shares of corporate stock from sales of all other species of personal property for the purposes of taxation.

Shares of stock represent a proportional part of the property, real and personal, of the corporation issuing it. *Jellenik* v. *Huron Copper Mining Co.*, 177 U. S. 1, 13; *People* v. *Coleman*, 126 N. Y. 433, 437; *Matter of Enston*, 113 N. Y. 174, 181; *Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493, 504. They are sold in the market and pass by transfer and delivery. The same is true of corporate bonds, of bills of lading representing property in transportation, of warehouse receipts representing property in storage, and of other kindred forms of property.

The act imposes a tax on sales in New York of the shares of a foreign corporation owned by non-residents, and is a taking of their property without due process of law, in violation of the Fourteenth Amendment, which invalidates the whole act.

A tax on a sale of property is virtually a tax on the property itself; a tax on the amount of sales of goods made by an auctioneer is a tax on the goods so sold. *Cook* v. *Pennsylvania*, 97 U. S. 566, 573. A tax on the privilege of selling property at the exchange and of thus using the facilities there afforded in accomplishing the sale differs radically from a tax upon every sale made in any place. The latter tax is really and practically upon property. It takes no notice of any kind of privilege or facility, and the fact of a sale is alone regarded. *Nicol* v. *Ames*, 173 U. S. 509, 521; *Brown* v. *Maryland*, 12

Wheat. 419, 444. On the same principle a tax on income from property is a tax on the property producing it, and a tax on a bill of lading is a tax on the property represented by it. *Pollock v. Farmers' L. & T. Co.*, 157 U. S. 429, 581; *Almy* v. *California*, 24 How. 169; *Fairbank* v. *United States*, 181 U. S. 283.

As the act is invalid with respect to shares in foreign corporations owned by non-residents and sold here, and as that part or operation of the act is an essential part of it and not separable from the remainder, and it is not clear that the legislature would have enacted it without including sales of shares in foreign corporations owned by non-residents, the necessary result is that the whole act must be held invalid. *Pollock* v. *Farmers' L. & T. Co.*, 158 U. S. 601, 635; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 565.

This tax law is void under the commerce clause of the United States Constitution because it taxes any and every sale within the State of New York of stock in a foreign corporation, though such stock belongs to a person not a resident of the State of New York, and such sale is made by such non-resident, and though no certificates of the shares of such stock ever existed or were ever delivered to the purchaser.

If not void *in toto* this tax law is void as applied to a non-resident owner and seller of shares in a foreign corporation.

The situs of the property owned by a shareholder in a corporation is either where the corporation exists, or at the domicil of the shareholder. *Enston case*, 113 N. Y. 174, 181; *In re James*, 144 N. Y. 6, 12; *State Tax on Foreign Held Bonds*, 15 Wall. 300; *Delaware R. R. Tax*, 18 Wall. 206; *Jellenik* v. *Huron Mining Co.*, 177 U. S. 1; *Union Refrig. Co.* v. *Kentucky*, 199 U. S. 194.

This act violates the commerce clause of the Constitution. *Robbins* v. *Shelby Co.*, 120 U. S. 489; *Corson* v. *Maryland*, 120 U. S. 502; *Asher* v. *Texas*, 128 U. S. 129; *Stockard* v. *Morgan*, 185 U. S. 27; *Tel. Co.* v. *Texas*, 105 U. S. 460.

*Mr. Julius M. Mayer*, Attorney General of the State of New

York, and *Mr. E. Crosby Kindleberger,* with whom *Mr. Horace McGuire* and *Mr. James C. Graham* were on the brief, for defendant in error:

The statute under consideration does not deny to the plaintiff in error and to all owners of shares of corporate stock the equal protection of the laws, contrary to the Fourteenth Amendment. *United States* v. *Thomas,* 115 Fed. Rep. 207; *S. C.* 192 U. S. 363; *Knowlton* v. *Moore,* 178 U. S. 41.

The act is not "arbitrary and discriminating" in its character and operation, and does not violate "the fundamental principles of the taxing power," which is only a way of stating that it takes appellant's property "without due process of law," against the Federal and state constitutions; and denies to the holders of the stock of corporations "the equal protection of the laws," in violation of the Fourteenth Amendment to the Constitution of the United States.

If the United States have power to levy stamp tax, States have like power. *United States* v. *Thomas, supra,* decides that the United States have such power.

The law does not violate the commerce clause of the Constitution either between the States or as to foreign nations. *Passenger cases,* 7 How. 283, 480; *State Tax on Foreign Held Bonds,* 15 Wall. 300, 319; *Savings Soc'y* v. *Multnomah County,* 169 U. S. 421; *New Orleans* v. *Stempel,* 175 U. S. 309; *Delaware Railroad Tax,* 18 Wall. 206, 231; *Steamship Co.* v. *Pennsylvania,* 122 U. S. 326–336; *Vermont & Canada R. R. Co.* v. *Vermont Central R. R. Co.,* 63 Vermont, 119; *Pittsburgh Coal Co.* v. *Bates,* 156 U. S. 577; *S. C.,* 40 La. Ann. 226; *Brown* v. *Houston,* 114 U. S. 622; *Woodruff* v. *Parham,* 8 Wall. 123; *Coe* v. *Errol,* 116 U. S. 517; *Standard Oil Co.* v. *Combs,* 96 Indiana, 179; *Rieman* v. *Shepard,* 27 Indiana, 288; *Carrier* v. *Gordon,* 21 Ohio St. 605; *Woodruff* v. *Parham,* 8 Wall. 123; *Am. Steel and Wire Co.* v. *Speed,* 192 U. S. 520.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to revise an order dismissing a writ of

*habeas corpus* and remanding the relator to the custody of the defendant in error. The order was made by a single Justice and affirmed successively by the Appellate Division of the Supreme Court, 110 App. Div. 821, and by the Court of Appeals, 184 N. Y. 431. The facts are these: The relator, Hatch, a resident of Connecticut, sold in New York to one Maury, also a resident of Connecticut, but doing business in New York, one hundred shares of the stock of the Southern Railway Company, a Virginia corporation, and one hundred shares of the stock of the Chicago, Milwaukee and St. Paul Railroad Company, a Wisconsin corporation, and on the same day and in the same place received payment and delivered the certificates, assigned in blank. He made no memorandum of the sale and affixed to no document any stamp, and did not otherwise pay the tax on transfers of stock imposed by the New York Laws of 1905, c. 241. He was arrested on complaint, and thereupon petitioned for this writ, alleging that the law was void under the Fourteenth Amendment of the Constitution of the United States.

The statute in question levies a tax of two cents on each hundred dollars of face value of stock, for every sale or agreement to sell the same, etc.; to be paid by affixing and cancelling stamps for the requisite amount to the books of the company, the stock certificate, or a memorandum required in certain cases. Failure to pay the tax is made a misdemeanor punishable by fine, imprisonment, or both. There is also a civil penalty attached. The petition for the writ sets up only the Fourteenth Amendment, as we have mentioned, but both sides have argued the case under the commerce clause of the Constitution, Art. I, section 8, as well, and we shall say a few words on that aspect of the question.

It is true that a very similar stamp act of the United States, the act of June 13, 1898, c. 448, § 25, Schedule A, 30 Stat. 448, 458, was upheld in *Thomas* v. *United States*, 192 U. S. 363. But it is argued that different considerations apply to the States and the tax is said to be bad under the Fourteenth Amend-

ment for several reasons. In the first place it is said to be an arbitrary · discrimination. This objection to a tax must be approached with the greatest caution. The general expressions of the Amendment must not be allowed to upset familiar and long-established methods and processes by a formal elaboration of rules which its words do not import. See *Michigan Central Railroad Co.* v. *Powers*, 201 U. S. 245, 293. Stamp acts necessarily are confined to certain classes of transactions, and to classes which, considered economically or from the legal or other possible points of view, are not very different from other classes that escape. You cannot have a stamp act without something that can be stamped conveniently. And it is easy to contend that justice and equality can not be measured by the convenience of the taxing power. Yet the economists do not condemn stamp acts, and neither does the Constitution.

The objection did not take this very broad form to be sure. But it was said that there was no basis for the separation of sales of stock from sales of other kinds of personal property, for instance, especially, bonds of the same or other companies. But bonds in most cases pass by delivery and a stamp tax hardly could be enforced. See further, *Nicol* v. *Ames*, 173 U. S. 509, 522, 523. In *Otis* v. *Parker*, 187 U. S. 606, practical grounds were recognized as sufficient to warrant a prohibition, which did not apply to sales of other property, of sales of stock on margin, although this same argument was pressed with great force. *A fortiori* do they warrant a tax on sales, which is not intended to discriminate against or to discourage them, but simply to collect a revenue for the benefit of the whole community in a convenient way.

It is urged further that a tax on sales is really a tax on property, and that therefore the act, as applied to the shares of a foreign corporation owned by non-residents, is a taking of property without due process of law. *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194. This argument presses the expressions in *Brown* v. *Maryland*, 12 Wheat. 419, 444; *Fairbank* v. *United States*, 181 U. S. 283, and intervening cases,

to new applications, and farther than they properly can be made to go. Whether we are to distinguish or to identify taxes on sales and taxes on goods depends on the scope of the constitutional provision concerned. Compare *Foppiano* v. *Speed*, 199 U. S. 501, 520. A tax on foreign bills of lading may be held equivalent to a tax on exports as against Article I, section 9; a license tax on importers of foreign goods may be held an unauthorized interference with commerce; and yet it would be consistent to sustain a tax on sales within the State as against the Fourteenth Amendment so far as that alone is concerned. Whatever the right of parties engaged in commerce among the States, a sale depends in part on the law of the State where it takes place for its validity and, in the courts of that State, at least, for the mode of proof. No one would contest the power to enact a statute of frauds for such transactions. Therefore the State may make parties pay for the help of its laws, as against this objection. A statute requiring a memorandum in writing is quite as clearly a regulation of the business as a tax. It is unnecessary to consider other answers to this point.

Yet another ground on which the owners of stock are said to be deprived of their property without due process of law is the adoption of the face value of the shares as the basis of the tax. One of the stocks was worth thirty dollars and seventy-five cents a share of the face value of one hundred dollars, the other one hundred and seventy-two dollars. The inequality of the tax, so far as actual values are concerned, is manifest. But, here again equality in this sense has to yield to practical considerations and usage. There must be a fixed and indisputable mode of ascertaining a stamp tax. In another sense, moreover, there is equality. When the taxes on two sales are equal the same number of shares is sold in each case; that is to say, the same privilege is used to the same extent. Valuation is not the only thing to be considered. As was pointed out by the Court of Appeals, the familiar stamp tax of two cents on checks, irrespective of amount, the poll tax of a fixed sum, irrespective of income or earning capacity, and many others, illustrate the

necessity and practice of sometimes substituting count for weight. See *Bell Gap Railroad Co.* v. *Pennsylvania,* 134 U. S. 232; *Merchant & Manufacturers' Bank* v. *Pennsylvania,* 167 U. S. 461. Without going farther into a discussion which, perhaps, could have been spared in view of the decision in *Thomas* v. *United States,* 192 U. S. 363, and the constitutional restrictions upon Congress, we are of opinion that the New York statute is valid, so far as the Fourteenth Amendment is concerned.

The other ground of attack is that the act is an interference with commerce among the several States. Cases were imagined, which, it was said, would fall within the statute, and yet would be cases of such commerce; and it was argued that if the act embraced any such cases it was void as to them, and, if void as to them, void altogether, on a principle often stated. *United States* v. *Ju Toy,* 198 U. S. 253, 262. That the act is void as to transactions in commerce between the States, if it applies to them, is thought to be shown by the decisions concerning ordinances requiring a license fee from drummers, so called, and the like. *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489; *Stockard* v. *Morgan,* 185 U. S. 27; *Rearick* v. *Pennsylvania,* 203 U. S. 507.

But there is a point beyond which this court does not consider arguments of this sort for the purpose of invalidating the tax laws of a State on constitutional grounds. This limit has been fixed in many cases. It is that unless the party setting up the unconstitutionality of the state law belongs to the class for whose sake the constitutional protection is given, or the class primarily protected, this court does not listen to his objections, and will not go into imaginary cases, notwithstanding the seeming logic of the position that it must do so, because if for any reason, or as against any class embraced, the law is unconstitutional, it is void as to all. *Supervisors* v. *Stanley,* 105 U. S. 305, 311; *Clark* v. *Kansas City,* 176 U. S. 114, 118; *Lampasas* v. *Bell,* 180 U. S. 276, 283, 284; *Cronin* v. *Adams,* 192 U. S. 108, 114. If the law is valid when confined to the

class of the party before the court, it may be more or less of a speculation to inquire what exceptions the state court may read into general words, or how far it may sustain an act that partially fails. With regard to taxes, especially, perhaps it might be assumed that the legislature meant them to be valid to whatever extent they could be sustained, or some other peculiar principle might be applied. See e. g. People's National Bank v. Marye, 191 U. S. 272, 283.

Whatever the reason, the decisions are clear, and it was because of them that it was inquired so carefully in the drummer cases whether the party concerned was himself engaged in commerce between the States. Stockard v. Morgan, 185 U. S. 27, 30, 35, 36; Caldwell v. North Carolina, 187 U. S. 622; Rearick v. Pennsylvania, 203 U. S. 507. Therefore we begin with the same inquiry in this case, and it is plain that we can get no farther. There is not a shadow of a ground for calling the transaction described such commerce. The communications between the parties were not between different States, as in Western Union Telegraph Co. v. Texas, 105 U. S. 460, and the bargain did not contemplate or induce the transport of property from one State to another, as in the drummer cases. Rearick v. Pennsylvania, supra. The bargain was not affected in any way, legally or practically, by the fact that the parties happened to have come from another State before they made it. It does not appear that the petitioner came into New York to sell his stock, as it was put on his behalf. It appears only that he sold after coming into the State. But we are far from implying that it would have made any difference if he had come to New York with the supposed intent before any bargain was made.

It is said that the property sold was not within the State. The immediate object of sale was the certificate of stock present in New York. That document was more than evidence, it was a constituent of title. No doubt, in a more remote sense, the object was the membership or share which the certificate conferred or made attainable. More remotely still it was an

interest in the property of the corporation, which might be in other States than either the corporation or the certificate of stock. But we perceive no relevancy in the analysis. The facts that the property sold is outside of the State and the seller and buyer foreigners are not enough to make a sale commerce with foreign nations or among the several States, and that is all that there is here.—On the general question there should be compared with the drummer cases the decisions on the other side of the line. *Nathan v. Louisiana,* 8 How. 73; *Woodruff* v. *Parham,* 8 Wall. 123; *Brown* v. *Houston,* 114 U. S. 622; *Emert* v. *Missouri,* 156 U. S. 296. A tax is not an unconstitutional regulation in every case where an absolute prohibition of sales would be one. *American Steel and Wire Co.* v. *Speed,* 192 U. S. 500. We think it unnecessary to explain at greater length the reasons for our opinion that the petitioner has suffered no unconstitutional wrong.

*Order affirmed.*