# DISTRICT OF COLUMBIA *v.* GREEN.

---

STATUTES; POLICE COURT; CRIMINAL LAW.

1. Where a person prosecuted in the police court for a violation of a statute punishing all owners, occupants, and agents in charge of land for failure, after notice, to remove weeds therefrom, is confessedly the owner of the land in question, the liability of mere occupants or agents in charge, under such statute, will not be considered.

2. Where two sections of a statute are separable from and entirely independent of each other, one may stand and be enforced without regard to the validity of the other.

3. It is error for the police court to sustain a motion to quash an information based upon sec. 1 of the act of Congress of March 1, 1899 (30

Stat. at L. 959, chap. 326), punishing owners of land who, after notice, fail to remove therefrom weeds of more than 4 inches in height, upon the ground that sec. 2 of that act discriminates between resident and nonresident owners in respect of the assessment of the charges for removing the weeds, when done by the municipal authorities under the provisions thereof, as the provisions of the latter section are not involved in such a prosecution.

No. 1738.   Submitted March 6, 1907.   Decided March 19, 1907.

IN ERROR to the Police Court of the District of Columbia.
*Judgment reversed.*

The COURT in the opinion stated the facts as follows:

An information filed in the name of the District of Columbia, in the police court, charged Galen E. Green with maintaining a nuisance injurious to the public health, in that he failed to remove from a certain lot belonging to him, in the city of Washington, weeds more than 4 inches in height, in violation of the provisions of sec. 1 of an act of Congress approved March 1, 1899.

As the validity of said act has been questioned, it is here recited at length:

"Sec. 1. Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled: That it shall be the duty of the owner, occupant, or agent in charge of any land in the city of Washington, District of Columbia, or in the more densely populated suburbs of said city, to remove from such land any weeds thereon of 4 or more inches in height, within seven days (Sundays and legal holidays excepted) after notice from the health officer of said District so to do, and upon failure to comply with such notice he or she shall, on conviction thereof, be punished by a fine of not more than $10 for each day said notice is not complied with.

"Sec. 2. That whenever there are upon any unoccupied land aforesaid weeds of 4 or more inches in height, and no person can be found in said District who either is, or claims to be, the

owner thereof, or who either represents or claims to represent such owner as aforesaid, the commissioners of said District shall give notice, by publication twice a week in one daily newspaper published in the city of Washington aforesaid, requiring their removal. Said notice shall specify the land from which such weeds are to be removed, the character of the work to be done, and the time allowed for doing the same; and if such weeds be not removed within the time so specified, it shall be the duty of said commissioners to cause their removal; and the cost of such removal, including the cost of advertising, shall be a lien upon and shall be assessed by said commissioners as a tax against the property on which said weeds were located, and the said tax so asssessed shall bear interest at the rate of 10 per cent per annum till paid, and shall be carried on the regular tax rolls of said District, and be collected in the manner provided for the collection of general taxes.

"Sec. 3. That prosecutions under this act shall be in the police court of said District, upon information filed by the attorney for said District, or one of his assistants." [30 Stat. at L. 959, chap. 326.]

The court sustained defendant's motion to quash the information, assigning as the ground therefor that the entire act is void because it lacks the requisite uniformity, under the principle declared in the case of *McGuire* v. *District of Columbia,* 24 App. D. C. 22, 65 L.R.A. 430.

This writ of error was allowed to review that order.

*Mr. Edward H. Thomas,* Corporation Counsel, for the plaintiff in error.

*Mr. John Ridout* for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The police power that Congress may exercise in the District of Columbia extends to the subject-matter of the act in question;

and we do not understand that this is denied by the defendant in error.

The offense charged in the information is that defined in the 1st section of the act above recited.  This section makes no exception in favor of any person, and no discrimination whatever between persons or property similarly situated.  All owners, occupants, and agents in charge of land from which weeds more than 4 inches in height shall not be removed after timely notice are alike liable to the penalty prescribed.  As the defendant in error is confessedly the owner of the lot, no question arises concerning the liability of mere occupants or agents in charge.

The attack upon the validity of the act is founded on the provisions of sec. 2, which, it is contended, make an unconstitutional discrimination between resident and nonresident owners in respect of an assessment of the charges for removing weeds, when done by the District authorities under the provisions thereof.  It is this view that governed the action of the police court.

We think it a sufficient answer to the contention to say that the provisions of sec. 2 are not involved in the present case.  No assessment has been made upon the property of defendant in error under that section, which merely provides for the removal of the weeds in certain cases, at the public expense, and for the assessment and recovery of that expense.  The remedy provided is a civil one.

Without expressing any opinion as regards the validity of sec. 2, we may concede, for the purposes of this case, that it violates the principle of equality.  But it does not follow that the entire act is for that reason to be declared void.  The two sections are distinctly separable from, and entirely independent of each other.  The first may, therefore, stand and be enforced without regard to the validity of the second.  This principle is well settled.  *Allen* v. *Louisiana,* 103 U. S. 80, 83, 26 L. ed. 318, 319 ; *Marshall Field & Co.* v. *Clark,* 143 U. S. 649, 695, 36 L. ed. 294, 310, 12 Sup. Ct. Rep. 495 ; *Reagan* v. *Farmers' Loan & T. Co.* 154 U. S. 362, 395, 38 L. ed. 1014, 1022, 4 Inters. Com. Rep. 560, 14 Sup. Ct. Rep. 1047.

The proper time to consider the validity of the 2d section of the act will be when the property of some person may be affected by its actual or attempted enforcement. *New York ex rel. Hatch* v. *Reardon,* 204 U. S. 152, 51 L. ed. 415, 27 Sup. Ct. Rep. 188.

The police court having erred in sustaining the motion to quash the information on the ground assigned, its judgment will be reversed, with costs, and the case will be remanded for further proceedings not inconsistent with this opinion. It is so ordered.                                                    *Reversed.*

A motion by the defendant in error, filed March 20, 1907, to stay the mandate and to modify the judgment, was overruled the same day.