**UNITED STATES ex rel. SIEMEN v. DAY, Commissioner of Immigration.**

District Court, S. D. New York.
February 28, 1930.

William Lambert, of New York City, for relator.

Charles H. Tuttle, U. S. Dist. Atty., of New York City (Frank W. Ford, of New York City, of counsel), for respondent.

COLEMAN, J.

The only question presented is as to the right of the federal government to deport an alien who is on parole under the Prison Law of the state of New York (now Correction Law [Consol. Laws, c. 43]). The relator arrived in this country on April 24, 1926, as a quota immigrant, and on July 17, 1928, he was indicted in the New York state court for bigamy, which is a felony. He pleaded guilty and was sentenced for an indeterminate term in the penitentiary, from which he was released on parole at the end of eight months. It is undisputed that, though his actual confinement was only for eight months, the sentence was a maximum of three years and that, therefore, he is deportable unless his being on parole under the state law prevents. The federal statute, Act March 4, 1929, § 3 (8 USCA § 180b), provides:

"An alien sentenced to imprisonment shall not be deported under any provision of law until after the termination of the imprisonment. For the purposes of this section the imprisonment shall be considered as terminated upon the release of the alien from confinement, whether or not he is subject to rearrest or further confinement in respect of the same offense."

Unquestionably, this section purports to authorize the relator's deportation even though he still be on parole, and the only point urged by him is that this section is to that extent unconstitutional.

The relator is not within the actual custody of any official of New York state, though the district attorney admits he is within the fictional "legal custody." He is at liberty living in the community, but is under an obligation to report to state officials and is subject to rearrest under certain conditions. I believe that the federal government's right to deport the relator is superior to the right of the state of New York to continue him on parole. No objection is made to the deportation by any state official, and the situation is not without irony in that the wrongdoer claims the right to remain in this country for the purpose of reporting to the Parole Board. Of course, he would be legally justified if the federal statute were unconstitutional, but, since the federal government is by the United States Constitution given general power over immigration and deportation, I believe its exercise of that power under the statute in question must prevail over the state's rights.

The writ is therefore dismissed. Settle order on notice.