## UNITED STATES ex rel. FEUER v. DAY, Commissioner of Immigration.

### No. 335.

Circuit Court of Appeals, Second Circuit.

May 5, 1930.

Isidore Dollinger, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Frank W. Ford, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant, a native and subject of Poland, arrived in New York August 18, 1926. On November 26, 1927, he was arrested charged in a warrant with being in the United States in violation of the Immigration Act of February 5, 1917 (39 Stat. 874), based upon the fact that he had been sentenced to imprisonment for a term of one year or more because of conviction, in this country, of criminally receiving stolen goods, a crime involving moral turpitude, committed within five years after his entry. The appellant was granted hearings at the prison on January 22 and 24, 1928, at which time he was represented by counsel. He admitted his conviction and that he had been sentenced for a term of not less than two years and six months and no more than five years on a charge of criminally receiving stolen property committed March 29, 1927. The charge having been sustained, a warrant of deportation to Poland was issued July 20, 1928. On November 20, 1929, appellant was paroled from Sing Sing Prison and taken into custody by the Commissioner of Immigration for deportation in accordance with the warrant. He sued out a writ of habeas corpus, which was dismissed below.

The Immigration Act of February 5, 1917, § 19 (39 Stat. 889, 8 USCA § 155), provides for deportation of an alien who, after entry into this country, is shown to have been convicted of a crime involving moral turpitude committed within five years after his entry.

Claiming that the "expiration of his sentence" refers to the time when the prisoner's parol expired, it is argued that the appellant could not legally be arrested and deported at the time he was discharged from prison, November 20, 1929, and placed on parol, and it is urged that the termination of his pa-

rol marks the expiration of his sentence. But section 3 of the Immigration Act of March 4, 1929 (45 Stat. 1552, 8 USCA § 180(b), provides that "an alien sentenced to imprisonment shall not be deported under any provision of law until after the termination of the imprisonment. For the purposes of this section the imprisonment shall be considered as terminated upon the release of the alien from confinement, whether or not he is subject to rearrest or further confinement in respect of the same offense." The appellant's imprisonment terminated, within the provisions of this act, after the effective date of section 3 of this statute. While it is true that one on parol from a sentence in the state court is in the legal custody of the state, that custody, in the absence of protest by the state, does not forbid the national government from exercising its power and assuming jurisdiction in matters pertaining to immigration and deportation. Custody for the purpose of deportation is an incidental power of control under the immigration laws. The national government has the paramount authority in matters of immigration. We leave open the right of the state to complain, for that question is not here. The claim of unconstitutionality which the state might possibly make for interference with its custody of the alien is not a claim appellant may make. The alien has no interest in such a ruling and cannot raise the question. Hatch v. Reardon (1906) 204 U. S. 152, 27 S. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736; Heald v. District of Columbia (1922) 259 U. S. 114, 42 S. Ct. 434, 66 L. Ed. 852; Oliver Iron Co. v. Lord (1923) 262 U. S. 172, 43 S. Ct. 526, 67 L. Ed. 929.

But the argument is made that the legislation of March 4, 1929, if applied to deport this appellant, would be retrospective legislation, and therefore the statute must be construed so as to apply only to prisoners where the sentence is imposed after the effective date of the act. Reynolds v. McArthur (1829) 27 U. S. (2 Pet.) 417, 7 L. Ed. 470. The courts refuse to give to statutes a retrospective operation whereby rights previously vested are injuriously affected unless compelled to do so by language which clearly requires it. Chew Heong v. United States (1884) 112 U. S. 536, 5 S. Ct. 255, 28 L. Ed. 770; U. S. Fidelity Co. v. U. S. Use of Struthers-Wells Co. (1908) 209 U. S. 306, 28 S. Ct. 537, 52 L. Ed. 804. The prohibition of ex post facto laws in article 1, § 9, of the Federal Constitution, has been held to have no application to deportation of aliens. Bugajewitz v. Adams (1913) 228 U. S. 585,

33 S. Ct. 607, 608, 57 L. Ed. 978. And legislation, although retroactive, which does not impair vested rights or violate express constitutional prohibition, is valid. In the Bugajewitz Case, Justice Holmes said: "It is thoroughly established that Congress has power to order the deportation of aliens whose presence in the country is deemed hurtful." An alien remaining in this country has no vested right so to do. He is subject to the power of Congress to legislate which might prohibit or limit his stay in the country. It is only where the legislation destroys vested rights that the courts intervene and forbid retrospective legislation. The San Juan (C. C. A. 1918) 250 F. 93. Section 3 of the Act of March 4, 1929 (8 USCA § 180(b), is applicable to this appellant, who was released from imprisonment after the act became effective.

Order affirmed.