**LU WOY HUNG v. HAFF, District Director of Immigration.**

No. 7480.

Circuit Court of Appeals, Ninth Circuit.

Aug. 5, 1935.

Stephen M. White, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., Robert L. McWilliams, Asst. U. S. Atty., and Arthur J. Phelan, U. S. Immigration and Naturalization Service, all of San Francisco, Cal., for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

This appeal is from the order of the District Court of the United States denying a petition for a writ of habeas corpus and remanding appellant to the custody of appellee for deportation.

Appellant, an alien Chinese person, was admitted to the United States on March 24, 1917, as a minor son of a Chinese

merchant. On November 23, 1921, appellant was convicted in the superior court of the state of California in and for Yuba county, of the crime of murder and sentenced by that court to imprisonment for a term of from seven years to life. On September 17, 1923, the Secretary of Labor issued his warrant for appellant's deportation to China on the ground that he had been convicted in this country of a crime involving moral turpitude committed within five years of his entry and had been sentenced therefor to imprisonment for a term of one year or more. Section 19, Immigration Act of February 5, 1917, 39 Stat. 889 (8 USCA § 155). Appellant was released from imprisonment on parole on December 8, 1932, and on August 18, 1933, he was taken into custody by immigration authorities for deportation under the warrant of deportation issued on September 17, 1923.

Section 19 of the Immigration Act of February 5, 1917, under which appellant was ordered deported, provides for the deportation of " * * * except as hereinafter provided, any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States. * * * Nor shall any alien convicted as aforesaid be deported until after the termination of his imprisonment."

█ Appellant contends that, `jurisdiction over his person having been first acquired by the state of California, jurisdiction is vested exclusively in the state until the termination of the term of imprisonment, which includes the period during which he is on parole from the state prison. Consequently, appellant argues that the federal government cannot divest the state of jurisdiction over him without the express consent of the state. Appellee concedes that, when a state has once obtained jurisdiction of a prisoner, the United States may not, interfere with the state's jurisdiction, if the state objects. However, appellee contends that, unless the state objects, the federal government is free to take jurisdiction over a paroled prisoner of the state, claiming that no personal right of the prisoner is involved and that the prisoner himself may not object.

The Circuit Court of Appeals for the Second Circuit dealt with a similar case in U. S. ex rel. Feuer v. Day, 42 F.(2d) 127, 128, wherein the court said:

"While it is true that one on parole from a sentence in the state court is in the legal custody of the state, that custody, in the absence of protest by the state, does not forbid the national government from exercising its power and assuming jurisdiction in matters pertaining to immigration and deportation. Custody for the purpose of deportation is an incidental power of control under the immigration laws. The national government has the paramount authority in matters of immigration. We leave open the right of the state to complain, for that question is not here. The claim of unconstitutionality which the state might possibly make for interference with its custody of the alien is not a claim appellant may make. The alien has no interest in such a ruling and cannot raise the question. [People of New York ex rel.] Hatch v. Reardon (1907) 204 U. S. 152, 27 S. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736; Heald v. District of Columbia (1922) 259 U. S. 114, 42 S. Ct. 434, 66 L. Ed. 852; Oliver Iron [Mining] Co. v. Lord (1923) 262 U. S. 172, 43 S. Ct. 526, 67 L. Ed. 929."

See, also, U. S. v. Marrin (D. C.) 227 F. 314; Hebert et al. v. Louisiana, 272 U. S. 312, 316, 47 S. Ct. 103, 71 L. Ed. 270, 48 A. L. R. 1102; 16 C. J. 1166.

Since the state of California is not objecting, the fact appellant is on parole from a state prison presents no obstacle to the arrest of appellant under the warrant of deportation. Appellant relies on Grant v. Guernsey, 63 F.(2d) 163, wherein the Circuit Court of Appeals for the Tenth Circuit affirmed the order of the District Court discharging appellee from the custody of the state authorities. In that case appellee had been indicted in the District Court of the United States for Kansas for violation of the National Banking Act and pleaded guilty. He was sentenced to confinement in the penitentiary for a term of three and one-half years, but the District Judge placed him on probation during the term of sentence, requiring the probation officer to report on his conduct every sixty days. Thereafter, during the period appellee was on probation, appellant instituted criminal proceed-

838

ings against appellee in the state court, and he was ordered "to remain there, answer the charge of embezzlement, not depart without leave and abide the judgment of that court." Appellee petitioned the District Court of the United States for Kansas for a writ of habeas corpus which was granted, and appellee was discharged. That case is distinguished from the case at bar because there the District Court of the United States which had prior jurisdiction over the appellee in the criminal case refused to relinquish custody of the petitioner to the state court. Moreover, in the case at bar appellant's parole by the state board of prison directors was "with permission to go to China" and on September 14, 1933, appellee was advised by the state parole officer in San Francisco, Cal., as follows: "Would thank you to kindly notify me of the disposition of this case so that we may have a record of either his deportation or continued presence in the United States." This amounts to the giving of express consent on the part of the state authorities to the arrest and deportation of appellant by the federal government.

Appellant also contends that section 19 of the Immigration Act of February 5, 1917. above quoted, expressly prohibits the immigration authorities from deporting the appellant until the termination of his imprisonment. Relying on the case of Nagle v. Lim Foon (C. C. A.) 48 F.(2d) 51, appellant claims that a mere parole is not a termination of imprisonment within the meaning of that section and consequently the immigration officers are acting without authority.

Section 3 of the Act of March 4, 1929 (45 Stat. 1552, 8 USCA § 180b), provides as follows:

"An alien sentenced to imprisonment shall not be deported under any provision of law until after the termination of the imprisonment. For the purposes of this section the imprisonment shall be considered as terminated upon the release of the alien from confinement, whether or not he is subject to rearrest or further confinement in respect of the same offense."

Section 3 of the Act of March 4, 1929, supra, has been construed by the Circuit Court of Appeals for the Second Circuit to authorize the deportation of an alien who is on parole from a state prison. U. S. ex rel. Feuer v. Day, supra; U. S. ex rel. Sollano v. Doak (D. C.) 5 F. Supp. 561, affirmed (C. C. A.) 68 F.(2d) 1019. We agree with that construction. While it is true that this court decided the case of Nagle v. Lim Foon (C. C. A.) 48 F.(2d) 51, after the Act of March 4, 1929, was enacted, section 3 of that act was not therein relied upon by the government, nor was it called to our attention. In so far as that case holds that an alien on parole from a state prison may not be deported, it is contrary to the provisions of section 3 of the Act of March 4, 1929, supra. See, also, U. S. ex rel. Siemen v. Day (D. C. N. Y.) 41 F.(2d) 853.

Order affirmed.