F. Febles & Co., S. en C., Plaintiff and Appellee, v. Rafael Sancho Bonet, Etc., Defendant and Appellant.

No. 6914.   Argued April 2, 1936.—Decided December 22, 1936.

*B. Fernández García, Attorney General (Jesús A. González, Acting Attorney General, on the brief) and Angel C. Calderón for appellant.*

Mr. Justice Wolf delivered the opinion of the Court.

The plaintiff and appellee complained that under Act No. 74 of 1925, it was entitled to a deduction of five thousand dollars from its net income for the purposes of calculating its income tax, whereas the Treasurer only allowed the said firm a deduction of $3,000.   The Treasurer was following or attempting to follow Act No. 18 of 1927 which, according to him, only gave the appellee a right to the smaller deduction.   Section 34 (b) of Act No. 74 of 1925 (Laws, p. 482), before it was amended read as follows:

"Section 34.—For the purpose only of the tax imposed by section 28 there shall be allowed the following credits:

"(a)   .   .   .   .   .   .   .   .   .

"(b) In the case of a domestic partnership or corporation the net income of which does not exceed twenty-five thousand (25,000) dollars, a specific credit of $5,000, and in other cases a specific credit of $4,000."

Section 6 of Act No. 18 of 1927 (Laws, p. 490) which amended Section 34(b), *supra,* now reads thus:

"Section 6.—That clause (b) of Section 34 of said Act is hereby amended as follows:

" '(b) In the case of a domestic partnership or corporation the net income of which does not exceed ten thousand (10,000) dollars, a specific credit of three thousand (3,000) dollars. In cases where the net income exceeds ten thousand (10,000) dollars no credit shall be allowed. Foreign corporations or partnerships (although having an office or business place in Porto Rico) are not entitled to the three-thousand (3,000) dollars credit allowed domestic corporations and partnerships.' "

Under the provision of the Act of 1927 a firm or corporation having a net income of over $10,000 would be allowed no deduction. The Act of 1927 was attacked as discriminatory. The district court held the provision which is quoted from the Act of 1927 to be unconstitutional.

There are doubts in some of the members of the court as to the constitutionality of the act which we shall not discuss for the following reasons:

The plaintiff had an income for each of the three years of which it complains of less than $10,000 and hence was not affected by the provisions of the Act of 1927 which gave no credit to persons receiving more than $10,000. No one would question that the legislature had the right under a statute otherwise constitutional to fix the deduction at $3,000 rather than at $5,000 if it had so chosen, as it did. The part of the statute that gave exemptions only to persons receiving under $10,000 is an independent precept and the failure to exempt persons receiving more than $10,000 is not interrelated or dependent upon the fact that persons receiving less than $10,000 have an exemption. A person who is receiv-

ing less than $10,000 is not injured other than by the reduction of his exemption from $5,000 under the 1925 Act to $3,000 under the present law. Unquestionably the plaintiff might be benefited by the act being declared unconstitutional, but so far he is only in the position of having $3,000 allowed rather than $5,000. An entity receiving more than $10,000 would suffer the real injury, if any. It might easily happen that persons receiving more than $10,000 will never attack the statute because the act might be repealed or amended before they could be affected by it. Therefore, we feel bound to hold that the plaintiff was not affected by the legal provision and hence had no standing in court to attack the validity of the statute. *Hatch* v. *Reardon,* 204 U. S. 152, 160; *Dillingham* v. *McLaughlin,* 264 U. S. 370; *Roberts & Schaeffer* v. *Emmerson,* 271 U. S. 50, 55; *Standard Stock Food Co.* v. *Wright,* 225 U. S. 540, 550; *Southern Railway Co.* v. *King,* 217 U. S. 524, 534; Cooley on Taxation, Vol. 1, sec. 367; see note in 19 Amer. & Eng. Annotated Cases, 175, and cases cited therein.

The judgment should be reversed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.