**Louis Joseph DAOUST, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19330.**

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1962.

Louis Joseph Daoust, in pro. per., Frank R. Stockton, Jacksonville, Fla., for appellant.

Edith House, Asst. U. S. Atty., Miami, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM.

The appellant, a Canadian citizen, brings before us for review the denial of his attempt to vacate, by a motion under 28 U.S.C.A. § 2255, the judgment and sentence imposed upon him after pleading guilty to a charge of robbery of a federal savings and loan association. When before the court for sentencing the appellant stated that he was a parole violator under a Canadian sentence with seventeen years of unserved time. In imposing sentence the court directed that the appellant be imprisoned

" * * * for the full term and period of ten years or until you are otherwise discharged in due course of law. The sentence of confinement,

however, will run concurrently with any additional years that you serve in the Canadian penitentiary, if the Canadian authorities require you to serve additional years there. You may surrender him, of course. Arrange for the surrender if he has 17 years there. Put a hold order on him."

The United States Attorney attempted to suggest to the court that a sentence concurrent with a sentence of a foreign court might not be possible as appeared from the following discussion between court and counsel.

U. S. Attorney: "If your honor please, we have had some difficulty with these sentences running concurrently with sentences or possible sentences. I believe that is going to run into some difficulty."

The Court: "Difficult as it may be, we do not want to put him in there for 27 years."

U. S. Attorney: "I understand that. But you remember the difficulty we had with that before."

The Court: "Let's try it again. I do not think it is illegal."

U. S. Attorney: "It may not be, if Canada is involved."

The Court: "It is different."

U. S. Attorney: "Do you think we could defer to Canada?"

The Court: "As far as serving the sentence is concerned, yes. If he has violated the conditions of his release from the Canadian Penitentiary and he has to serve additional time, this sentence will run concurrently, or be reduced to the extent that he serves additional years in the Canadian prison."

The appellant then asked:

"In other words, I go back and do my seventeen years?"

The court answered:

"Whatever you have to do; otherwise you will have to do 10 years here. But if you do 7 years up there you will only have to do 3 years.

here, or if you do 10 years up there you don't have anything to do here."

The court's formal judgment contained a proviso that:

" * * * in the event of deportation that confinement time hereinafter served pursuant to any pending or existing sentence imposed by the authorities of the Dominion of Canada shall be accordingly credited in the same manner as though said time had been duly served in a penal institution of the United States pursuant to the Order of this Court."

By a subsequent order the quoted language was deleted and in its stead it was ordered:

" * * * that the United States Attorney is directed to make every effort to effect the surrender of this defendant to the proper officials of the Dominion of Canada to serve the remainder of any prison sentence heretofore imposed upon him or hereafter imposed upon him for any offense heretofore committed by the defendant against the laws of the Dominion of Canada. The sentence herewith imposed shall run concurrently with any periods of incarceration served in Canada by the defendant pursuant to the first part of this paragraph. Application shall be made to the Canadian authorities for the resurrender of the defendant to the United States authorities to complete the sentence herein imposed in the event that he is released by the Canadian authorities prior to the expiration of the sentence herein imposed."

It is apparent that the district court did not intend that the appellant should be required to serve both the sentence imposed by it and the Canadian sentence. The court thought it would be legal to deport the appellant so that the Canadian sentence might be served. The appellant has not been deported. The district court exhausted its powers in committing the appellant to the custody of the Attorney General. The conditions annexed to the sentence are unauthorized and render the sentence illegal. Congress has directed that, "An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement." 8 U.S.C.A. § 1252(h).

The judgment and sentence of the court are vacated and the cause is remanded for resentencing.

Vacated and remanded.