

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 7, 1969

Honorable Ben Atwell
Chairman, Revenue and Tax Committee
House of Representatives
Austin, Texas

Opinion No. M-443

Re: Constitutionality of
H.B. 25, 61st Leg.,
1st C.S. 1969

Dear Representative Atwell:

You have asked our opinion whether House Bill No. 25, 61st Legislature, First Called Session, 1969, is constitutional.

Our opinion is that this Bill is constitutional.

The Bill amends Title 122-A, Taxation-General, Revised Civil Statutes of Texas, 1925, by adding a new Chapter 16, which imposes a tax of $2.50 on each transaction of sale or transfer of shares, certificates, bonds or securities issued by certain entities and under specified conditions.

The Bill provides definitions of terms and for collection and payment of the tax, for allocation of the revenues received and other relevant provisions.

The formal provisions of the Bill are constitutional:

(1) The Bill contains only one subject and its caption is sufficient (Art. III, Sec. 35),

(2) The Bill is a revenue measure and it originated in the House (Art. III, Sec. 33), and

(3) The enacting clause is in proper form (Art. III, Sec. 29).

We have considered the substance of the Bill with reference to the following constitutional provisions:

(1) That portion of Article VIII, Section 1, which provides that,

- 2197 -

"Taxation shall be equal and uniform. . . ."

(2) Article I, Section 3 which reads as follows:

"All free men, when they form a social compact,
have equal rights, and no man, or set of men,
is entitled to exclusive separate public emolu-
ments, or privileges, but in consideration of
public services."

(3) Article I, Section 19 which reads as follows:

"No citizen of this State shall be deprived of
life, liberty, property, privileges or im-
munities, or in any manner disfranchised, ex-
cept by the due course of the law of the land."

(4) The due process and equal protection clauses of
Section 1 of the Fourteenth Amendment of the United States
Constitution which read as follows:

"Section 1. . . . nor shall any State deprive
any person of life, liberty, or property, with-
out due process of law; nor deny to any person
within its jurisdiction the equal protection of
the law."

The provisions of the Bill to which we have directed
our more particular considerations are those contained in
Article 16.02 thereof which reads as follows:

"Article 16.02. Imposition of Tax; Exceptions.
(a) There is imposed a tax of $2.50 on each
transaction of sale or transfer of shares, certi-
ficates, bonds, or securities, issued by the same
company or governmental entity when the sale or pur-
chase, or transfer occurs within six months of the
acquisition of the shares, certificates, bonds, or
securities.
(b) The tax imposed by this Article does not apply to:
    (1) The initial issue of stocks by a corporation;
    (2) The sale of stocks owned by a mutual fund
        so long as it is not the stocks of the mutual
        fund itself which are sold; or
    (3) bonds or securities issued by the United
        States government, a state or local govern-
        ment, a county, or any political subdivision."

The classification of the transactions taxed and of those exempt has been our principle concern in considering your question.  In general, we believe the case of Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (1937) supports these classifications made by the Bill.  Of more particular concern is the provision which imposes a tax of $2.50 on each of the taxable transactions enumerated, in view of the fact that some securities, at times, sell on the open market for sums which are very near or at times less than the amount of $2.50 per share, which amount is the amount of the tax for a transfer of one or more shares of a company.

The holding in New York, ex rel. Hatch v. Reardon, 204 U.S. 152, 159-160 (1907) resolves our question in favor of the constitutionality of House Bill 25 under consideration.  The Court upheld the New York tax of two cents on each hundred dollars of face value of stock for every sale, etc thereof.  One of the stocks transferred was worth $30.75 a share of its face value of $100.00 while the other share transferred was worth $172.00.  The Court stated that while the inequality of the tax, so far as actual values are concerned, was manifest, yet equality had to yield to practical considerations and usage and that there must be a fixed and indisputable mode of ascertaining a stamp tax.  The Court further held and stated as follows:

> ". . .Valuation is not the only thing to be considered.  As was pointed out by the Court of Appeals, the familiar stamp tax of two cents on checks, irrespective of amount, the poll tax of a fixed sum, irrespective of income or earning capacity, and many others, illustrate the necessity and practice of sometimes substituting count for weight.  See Bell Gap Railroad Co. v. Pennsylvania, 134 U.S. 232; Merchant and Manufacturers' Bank v. Pennsylvania, 167 U.S. 461. . . ." (p.159-160)

In the subsequent case of Carmichael v. Southern Coal Co., 301 U.S. 495, 511-512 (1937) the Court again held that the administrative convenience and expense in the collection or measurement of a tax are alone a sufficient justification for the difference between the treatment of those who would pay a small amount of tax and those who would pay larger amounts.  Accord: Clay Products, Inc. v. U.S., 52 F.2d 1033 (Ct. of Claims, 1931); Vaughan v. New York, 5 N.E.2d 53 (N.Y. Ct. of App., 1936), 108 A.L.R. 950 and the annotation

immediately following; New York v. Latrobe, 279 U.S. 421 (1929); and International Shoe Co., v. Shartel, 279 U.S. 429 (1929).

Under the authorities cited in the immediately preceding paragraph, we believe the relationship between the amount of the tax imposed by House Bill 25 and the value of property transferred, or of the privileged exercised, is within that degree of power inherent in the Legislature. Panhandle Oil Co. v. Knox, 277 U.S. 218, 223 (1928).

## S U M M A R Y

House Bill 25, 61st Legislature, First Called Session, 1969, is constitutional. Its classification as to transactions which are taxable and those which are exempt, as well as the amount of the tax with reference to the value of properties transferred, are within constitutional limitations.

Very truly yours

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by: W. E. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman

James Broadhurst
Alfred Walker
John Banks
Jim Swearingen

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant