Honorable Richard D. Lamm Governor 136 State Capitol Building Denver, CO 80203
Dear Governor Lamm:
I write in response to your February 9, 1984 inquiry about your authority to conditionally pardon a foreign national subject to detainer for deportation by the United States government.
QUESTION PRESENTED AND CONCLUSION
You ask specifically:
Can the Governor conditionally pardon a foreign national subject to detainer by the United States Immigration and Naturalization Service for deportation and provide that the pardon shall be revoked if the person pardoned illegally returns to the United States?
My conclusion is "yes."
ANALYSIS
The Governor has the power to conditionally pardon individuals as long as the conditions imposed are not illegal, immoral, or impossible to perform. (See Attorney General's Opinion of December 23, 1983). A condition requiring a convicted foreign national to remove himself from the United States is neither immoral nor impossible to perform but is illegal because it fails to recognize the primacy of federal authority in this area (see Attorney General's Opinion of December 23, 1983). This obstacle is removed when pardons are conditioned upon deportation by the federal government and revoked upon a showing of anillegal return to the United States.
Conditional pardons of this kind are consistent with federal deportation statutes. A convicted foreign national may not be physically deported as long as there is actual prison time to be served on his sentence. 8 U.S.C. § 1252(h) (1970), e.g.,Briscoe v. United States, 391 F.2d 984 (D.C. Cir. 1968); Daoust v. United States, 310 F.2d 82 (5th Cir. 1962). However, once released from confinement, a foreign national may be removed from the country despite the existence of post-release conditions which, if violated, could result in re-incarceration. 8 U.S.C. § 1252(h) (1970) (fact that released convict remains subject to re-arrest or further confinement as a result of post-release conditions does not preclude deportation).See e.g., Lu Woy Hung v. Haff,78 F.2d 836 (9th Cir. 1935); United States ex rel. Feuer v.Day, 42 F.2d 127 (2d Cir. 1930); Carreon-Hernandez v.Levi, 409 F. Supp. 1208 (D. Minn. 1976) aff'd543 F.2d 637 (8th Cir. 1976) cert. denied 430 U.S. 957
(1977). Cf. Ex parte Vasquez,122 F. Supp. 160
(N.D. Cal. 1954) (fact that trial court retained jurisdiction over convict through probation did not affect power of executive branch to deport).
If a foreign national were to return to the United States contrary to a condition of pardon, his pardon could be revoked.See, e.g., Pope v. Chew, 521 F.2d 400
(4th Cir. 1975). Federal officials would have authority to return the foreign national to Colorado for pardon revocation once any federal incarceration[1] is completed,see 18 U.S.C. § 4085 (1969), and state authorities would be obliged to return him to Colorado through the extradition process. Gottfried v. Cronin, 192 Colo. 25, 555 P.2d 969
(1976) (Uniform Criminal Extradition Act provides for return of convicted fugitives on the basis of any unsatisfied conviction, not merely on basis of parole, probation or bond violation.) See also e.g., Taylor v. Foster, 205 Ga. 36,52 S.E.2d 314 (1949); Commonwealth ex rel. Rushkowski v. Burke,171 Pa. Super. 1, 89 A.2d 899 (1952) cert. denied 345 U.S. 919
(1953).
SUMMARY
A pardon may be conditioned upon the exclusion of a convicted foreign national from the United States through deportation by federal authorities and it may be revoked upon an illegal return to the United States.
Very truly yours,
 DUANE WOODARD Attorney General
PARDONS EXECUTIVE BRANCH GOVERNOR FEDERAL PREEMPTION IMMIGRATION
8 U.S.C. § 1252(h) (1970) 18 U.S.C. § 4085 (1969)
Sections 16-19-101 to 133, C.R.S. (1978)
GOVERNOR, OFFICE OF
A pardon may be conditioned upon the exclusion of a convicted foreign national from the United States through deportation by federal authorities and it may be revoked upon an illegal return to the United States.
[1] A foreign national who returns to the United States in violation of a deportation order commits a felony punishable by 2 years imprisonment, 8 U.S.C. § 1326 (1970).