BROWN *v.* LOWRY, sheriff.

No. 12075. FEBRUARY 19, 1938.

*T. J. Lewis,* for plaintiff.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *Tilden L. Brooks,* for defendant.

ATKINSON, Presiding Justice. Michael Brown filed his petition against J. I. Lowry, sheriff of Fulton County, for the writ of habeas corpus. The case was submitted to the court on an agreed statement of facts, which, taken with the petition as amended, was substantially as follows: The petitioner was tried on an indictment charging a felony in the State of New York. Upon a plea of guilty he received in 1932 a sentence of imprisonment of from two and one half to ten years. He served the minimum sentence of two and one half years. He was then paroled and authorized to go to the State of North Carolina. He left the State of New York with the consent of the parole authorities of that State. On December 4, 1935, an order was granted by a member of the Board of Parole of New York, commanding that the prisoner be retaken and returned to the institution in which he had been confined. This order contains the recital that the prisoner has been conditionally paroled, and has "violated his parole and has lapsed or is probably about to lapse into criminal ways or company." The prisoner was arrested in Georgia, where he was tried and convicted of transporting a stolen automobile from North Carolina to Georgia, receiving a sentence of three years in the Federal penitentiary in Atlanta. He was paroled from the Federal penitentiary at Atlanta on July 31, 1937. He was immediately arrested on the above order from the Board of Parole of New York. On August 2, 1937, on affidavit of an arresting officer of Georgia, made in pursuance of the Code, § 44-304, the Governor of Georgia issued a warrant for arrest of the prisoner, and that he be held for a period of twenty days. He had committed no crime in the State of New York since his parole. On the hearing the writ of habeas corpus was denied, and the petitioner excepted.

1. Where a person is convicted of felony committed by him in

one State, and he goes into another State, whether voluntarily or involuntarily, before serving the full term for which he was sentenced, he thereby becomes a fugitive from justice, within the meaning of section 2 of article 4, of the constitution of the United States, and the act of Congress February 12, 1793 (U. S. Comp. St. section 10126). Code, §§ 44-301, 44-302.

2. The case of Hyatt v. People, 188 U. S. 691 (23 Sup. Ct. 456, 47 L. ed. 657), differs on its facts and is not controlling in this case. That decision had reference to flight before conviction in a case where the person was not in the demanding State when the crime was committed; and it was held that in such circumstances the person could not be a fugitive from justice for the purpose of interstate extradition.

3. On application of the principle first above stated, the judge did not err, under the facts of this case, in refusing to discharge the prisoner on habeas corpus. *Kelly* v. *Mangum,* 145 *Ga.* 57 (88 S. E. 536); *Hart* v. *Mangum,* 146 *Ga.* 497 (91 S. E. 543); *Bartlett* v. *Lowry,* 181 *Ga.* 526 (182 S. E. 850). See generally, on the subject: Hughes v. Pflanz, 138 Fed. 980 (1, 4); Drinkall *v.* Spiegel, 68 Conn. 441 (36 Atl. 830, 36 L. R. A. 486); Ex Parte Williams, 10 Okla. Crim. 344 (136 Pac. 597, 51 L. R. A. (N. S.) 668); Ex Parte Carroll, 86 Tex. Cr. 301 (217 S. W. 382, 8 A. L. R. 901), and note.

*Judgment affirmed. All the Justices concur.*