THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE PAHL, Relator, Respondent, *v.* Hon. LEO J. HAGERTY, District Attorney of Erie County, Hon. GLENN H. McCLELLAN, Police Commissioner of the City of Buffalo, Erie County, N. Y., Hon. H. WILLIAM POLLACK, Sheriff of Erie County, Their Deputies and Subordinates or Any Other Person or Persons Having the Custody of GEORGE PAHL, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK, THE BOARD OF PAROLE OF THE STATE OF NEW YORK, The SHERIFF OF ERIE COUNTY and THE BOARD OF PARDONS OF THE COMMONWEALTH OF PENNSYLVANIA, Appellants.

Fourth Department, May 21, 1941.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General, Irene O'Sullivan* and *James P. Cotter* of counsel], for the respondent-appellant, Board of Parole of the State of New York.

*Leo J. Hagerty, District Attorney of Erie County,* for the respondents-appellants, Hon. H. William Pollack and Board of Pardons of the Commonwealth of Pennsylvania.

*Samuel M. Fleischman* [*Richard K. Fleischman* of counsel], for the relator-respondent.

CUNNINGHAM, J. The relator was arrested as a fugitive from justice upon a warrant issued by the Governor of the State of New York. The Governor signed this warrant in response to a requisition of the Governor of the Commonwealth of Pennsylvania for the rendition of relator. The relator then secured a writ of habeas corpus, and, after a hearing, he was discharged from custody.

The record on appeal in this case, filed with the clerk of this court, does not contain any requisition of the Governor of Pennsylvania.

This court transmitted the proceeding to the Special Term of the Supreme Court of Erie County to determine whether in fact such requisition was before the Governor of this State when he issued the warrant for the arrest of relator.

A hearing was had before the Special Term at which evidence was given showing that the requisition of the Governor of the Commonwealth of Pennsylvania had been delivered to the Governor of the State of New York before the latter acted upon the request for the surrender of relator. The Special Term has certified such fact to this court.

The relator was convicted in 1932 in the State of Pennsylvania of the crime of burglary and sentenced to prison for a term of six to twelve years. After serving six years he was released on parole and was permitted to return to his home in the city of Buffalo, N. Y.

The statutes of Pennsylvania provide that whenever it appears to the State Board of Pardons that a person released from imprisonment on parole has violated the terms of such parole, it shall cause a warrant to be issued for the arrest of such person.

On the 24th day of June, 1940, the Pennsylvania Board of Pardons issued a warrant for the arrest of relator, in which it was stated that relator had violated the conditions of his parole.

On July 18, 1940, the Board of Pardons presented to the Governor of Pennsylvania a request and a petition in which it was set forth that George Pahl, who had been released from the Eastern State Penitentiary of Pennsylvania on parole, had violated his parole

and was at that time in the State of New York. The petition also contained a request that the Governor of Pennsylvania issue a requisition directed to the Governor of the State of New York, for the arrest and surrender of such parole violator, and it was therein alleged that the relator had violated the conditions of his parole by being an accessory to an abortion committed in the city of Buffalo on March 23, 1940, on the body of a certain woman specified in the petition.

The Governor of Pennsylvania on the 18th day of July, 1940, issued a requisition directed to the Governor of the State of New York, certifying that George Pahl was charged with the crime of violation of parole (original crime, burglary) and that he was a fugitive from justice, and requiring that he be arrested and surrendered to an agent of the Commonwealth of Pennsylvania.

On the 22d day of July, 1940, the Governor of the State of New York issued a warrant for the arrest of relator, in which he stated that it had been represented to him by the Governor of the Commonwealth of Pennsylvania "that George Pahl * * * is a fugitive from justice and stands charged in that State with having committed therein * * * the crime of Violation of Parole (Original Crime: Burglary) which the said Governor certifies to be a crime under the Laws" of Pennsylvania.

The relator was produced at a Special Term of the Supreme Court held in Erie county upon a writ of habeas corpus and a hearing was then had at which evidence was received upon the question as to whether or not relator was an accessory to the crime of abortion, and after such hearing the court determined that relator was not guilty of such crime and sustained the writ and discharged relator from custody.

The requisition of the Governor of Pennsylvania charges relator with violation of parole. The warrant of the Governor of this State contains the same charge. The Board of Pardons of the State of Pennsylvania, acting under authority conferred upon it by the statutes of such State, revoked relator's parole. Thereupon relator became a fugitive from justice and subject to return to Pennsylvania. (*People ex rel. Hutchings* v. *Mallon*, 218 App. Div. 461; affd., 245 N. Y. 521.)

As the papers upon which the Governor's warrant was issued show the jurisdictional facts necessary for the rendition of relator, the court in this proceeding has not the power to determine the guilt or innocence of the accused. (*Biddinger* v. *Commissioner of Police*, 245 U. S. 128.) In that case the accused was charged with violating the law in the State of Illinois. He sought to introduce evidence that the Statute of Limitations had run against the

crime charged, which evidence was excluded. The United States Supreme Court, in passing upon the appeal, said: " This much, however, the decisions of this court make clear; that the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding State at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding State."

In *Rodman* v. *Pothier* (264 U. S. 399) it appeared that the defendant had been indicted in Federal court. In a habeas corpus proceeding he raised the question of jurisdiction, claiming that the place where it was charged that the crime had been committed not have Federal territory and that the United States courts did was not jurisdiction of crimes committed therein. The United States Supreme Court said: " We think there was enough to show probable cause and that the judgment of the District Court is correct. . Whether the locus of the alleged crime was within the exclusive jurisdiction of the United States demands consideration of many facts and seriously controverted questions of law. As heretofore often pointed out, these matters must be determined by the court where the indictment was found. The regular course may not be anticipated by alleging want of jurisdiction and demanding a ruling thereon in a habeas corpus proceeding. Barring certain exceptional cases (unlike the present one), this Court ' has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court.' "

In *People ex rel. Higley* v. *Millspaw* (281 N. Y. 441) it was held (at p. 445) that in a rendition proceeding the court may not consider the merits of the defense to the charge made by the demanding State.

Many State courts have arrested and surrendered to a demanding State paroled prisoners who have violated the terms of their parole by committing a crime in the State from which it is sought to remove them. (*Ex Parte Nabors*, 33 N. M. 324; 267 P. 58; *Brown* v.

*Lowry,* 185 Ga. 539; 195 S. E. 759.; *Beavers* v. *Lowry,* 186 Ga. 557; 198 S. E. 692; *Matter of McBride,* 101 Cal. App. 251; 281 P. 651.)

The claim of relator, that he is innocent of the crime upon which the revocation of his parole was based, may not be raised in this proceeding but should be urged as a defense before the authorities of the State of Pennsylvania.

A habeas corpus proceeding may not be used as a means of securing the trial of the relator in the State in which he is living for the crime with which he is charged by the demanding State.

The order should be reversed upon the law, without costs, the writ dismissed and the relator remanded to the custody of the sheriff of Erie county.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Order reversed on the law, without costs, writ dismissed and relator remanded to custody of the sheriff of Erie county.