DEERING *v.* MOUNT, sheriff, *et al.*

No. 14289.   NOVEMBER 10, 1942.

*Wesley R. Asinof, D. F. Black, Angus MacDonald,* and *Roland Melody,* for plaintiff.

*John A. Boykin, solicitor-general, C. E. Presley,* and *D. T. Pye,* for defendants.

REID, Chief Justice. ■ "Under the ruling of this court in *Brown* v. *Lowry,* 185 *Ga.* 539 (195 S. E. 759), a person who has been convicted of a felony in another State, and released on parole by the authorities of that State with permission to go into this State, upon the violation of the terms of his parole by the commission of a felony in this State becomes a fugitive from justice within the meaning of section 2 of article 4 of the constitution of the United States, and the act of Congress of February 12, 1793

(1 Stat. 302; 18 U. S. C. A., § 662), and subject to extradition by the State where he was convicted, although he committed no crime in that State subsequently to his parole." *Beavers* v. *Lowry,* 186 *Ga.* 557 (198 S. E. 692). In *Brown* v. *Lowry,* supra, where it was held that the petitioner for habeas corpus in that case was a "fugitive from justice," the facts were as follows: The petitioner was a parolee of the State of New York, who was allowed by the parole authorities of that State to go into North Carolina; he was arrested in Georgia, where he was tried and convicted of the Federal offense of transporting a stolen automobile from North Carolina to Georgia, and sentenced to the Federal penitentiary in Atlanta; the parolee had served the minimum term of two and one-half years of his sentence of the maximum of ten years; an order was granted by the parole authorities of New York, reciting that the parolee has "violated his parole and has lapsed or is probably about to lapse into criminal ways or company," and that he be apprehended; on his release from the Federal Penitentiary in Atlanta he was arrested; he had committed no crime in the State of New York since his parole. Applying the principles of the rulings in the *Brown* and *Beavers* cases, supra, to the facts of the instant case, it was not erroneous to overrule the contention of the plaintiff that he was not a "fugitive from justice" within the meaning of the Federal constitution and statute, supra, on interstate extradition. *Kelly* v. *Mangum,* 145 *Ga.* 57 (88 S. E. 536); *Hart* v. *Mangum,* 146 *Ga.* 497 (91 S. E. 543); *Bartlett* v. *Lowry,* 181 *Ga.* 526 (182 S. E. 543); *Scheinfain* v. *Aldredge,* 191 *Ga.* 479 (12 S. E. 2d, 868). See generally Hughes *v.* Pflanz, 138 Fed. 980 (1, 4); Ex Parte Carroll, 86 Tex. Cr. 301 (217 S. W. 382, 8 A. L. R. 901, note). The cases of Hyatt *v.* People, 188 U. S. 691 (23 Sup. Ct. 456, 47 L. ed. 657), and *Dawson* v. *Smith,* 150 *Ga.* 350 (103 S. E. 846), differ on their facts, and are not controlling in this case. Those decisions had reference to flight before conviction in cases where the person was not in the demanding State when the crime was committed. Accordingly, it was not error for the trial judge to deny habeas corpus in so far as it is contended that the plaintiff is not a fugitive from justice.

■ Another question for decision in this case is whether the affidavit supporting the request for requisition is sufficient. The requisition does not contain a copy of an indictment, and the

only affidavit as a basis for the requisition was made by T. C. Dale, Commissioner of Public Welfare of the State of Vermont, before one describing herself after her signature by the words "Notary Public," and having affixed thereto the imprint of a seal with her name and the words "Notary Public, State of Vermont." Particularly the question is whether the provisions of the Federal statute on interstate extradition, providing for the affidavit to be made *before a magistrate,* are sufficiently complied with when the affidavit is only made before a notary public. Title 18, § 662, U. S. C. A. provides: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear." The United States Supreme Court, in Kentucky *v.* Dennison, Governor of Ohio, 24 How. 104 (16 L. ed. 717), in an opinion delivered by Chief Justice Taney, said: "The constitution having established the right on one part and the obligation on the other, it became necessary to provide by law the mode of carrying it into execution. The Governor of the State could not, upon a charge made before him, demand the fugitive; for, according to the principles upon which all of our institutions are founded, the executive department can act only in subordination to the judicial department, where rights of person or property are concerned, and its duty in those cases consists only in aiding to support the judicial process and enforcing its authority, when its interposition for that purpose becomes necessary, and is called for by the judicial department. The executive authority of the State, therefore, was not authorized by this article to make the demand unless the party was charged in the regular course of judicial proceedings.

And it was equally necessary that the executive authority of the State upon which the demand was made, when called on to render his aid, should be satisfied by competent proof that the party was so charged. This proceeding, when duly authenticated, is his authority for arresting the offender."

In Ex Parte Hart, 63 Fed. 249, 11 C. C. A. 165, the United States Circuit Court of Appeals for the Fourth Circuit said: "The provisions referred to will be strictly construed, and all the requirements of the statute must be respected. . . If they [the States] wish to rely upon the provisions of the constitution and laws of the United States relating to fugitives from justice, they must strictly observe and respect the conditions of the same." See Cook v. Hart, 146 U. S. 193 (13 Sup. Ct. 43, 36 L. ed. 939) ; Roberts v. Reilly, 116 U. S. 80 (6 Sup. Ct. 291, 29 L. ed. 544). The Supreme Court of Florida, in Ex Parte Powell, 20 Fla. 807, 810, after quoting from Kentucky v. Dennison, supra, said: "An affidavit made before a notary, or other ministerial officer or person having no judicial authority, would not authorize the Governor to make the demand. It is well known that in every State persons who are not 'magistrates' are empowered to certify the acknowledgment of deeds and to administer oaths, and so it can not be presumed that because an oath is taken the person certifying it is a judicial officer, and that it is taken in the course of the administration of justice in a criminal prosecution. The act of Congress is explicit, that the 'charge' must be made . . by the executive authority in aid of the judicial authority in administering laws for the punishment of crime." The sufficiency of an affidavit made in Georgia before a notary public, which accompanied a requisition from the Governor of Georgia on the Governor of Alabama, was challenged in the case of Compton v. Alabama, 214 U. S. 1 (29 Sup. Ct. 605, 53 L. Ed. 885), and was upheld against such attack in a habeas-corpus case, but that decision turned on the Georgia statute providing for appointment and commission of notaries public ex-officio justices of the peace whose powers are regarded as those of magistrates. In State ex rel. Miller v. McLeod, 142 Fla. 254 (194 So. 628), it was held that under the Federal statute regulating extradition of fugitives, which requires that an affidavit be made before a "magistrate" of the demanding State, the Supreme Court may examine the laws of the demanding

State for definition of the word "magistrate" as it is used in the Federal statute. 18 U. S. C. A. § 662. The law of Vermont (Pub. L. 1933, title 1, c. 1, sec. 20, defines "magistrate" as follows: "The word 'magistrate' when used to designate a person having judicial authority may be construed to mean a justice of the Supreme Court, a superior-judge, a judge of the county court, a chancellor, a justice of the peace, or a municipal judge, as the context may require." It is to be noted that a notary public is not specifically included in this definition. Under other sections of the Public Laws of Vermont of 1933, a notary public of that State is authorized to protest bills and notes (§ 7294) ; to take acknowledgment of and witness signatures of persons executing deeds (§ 2592) ; to take depositions (§ 1721) ; to administer oaths (§§ 9114, 9116) and perform similar other ministerial duties; but nowhere in the Vermont statutes do we find that a notary public is clothed with judicial powers equivalent to that of a "magistrate" in the ordinary usage and understanding of that term. A case involving the same question on habeas corpus as that raised in the instant case as to the sufficiency of an affidavit made before a notary public was decided in Ex Parte Owen, 10 Okla. Cr. 284 (136 Pac. 197), where it was held: "A notary public, who has no other power than to swear witnesses and take depositions in the state in which he is appointed, is not a magistrate within the meaning of the law; and an affidavit made before such notary public is not worth anything more than so much blank paper in extradition proceedings." In People ex rel. La Rue v. Meyering, 357 Ill. 166 (191 N. E. 318), the Supreme Court of Illinois had before it the question whether an affidavit of the head of the prison department of the State of Florida, supporting the request for requisition for a prisoner who had been convicted and escaped, was sufficient against an attack that the jurat showed that it was sworn to and subscribed before a "Notary Public of Florida at Large." It was held that a requisition from Florida for a fugitive was insufficient, where the affidavit charging crime was made before a notary public; a Florida notary public not being a "magistrate."

It is pertinent to ascertain whether the affidavit supporting a request for requisition in the case of a person who has been convicted and is out on conditional pardon can be made before a notary public in lieu of a "magistrate." The case of People v. Meyering,

supra, is at least an instance of physical precedent that in an extradition case the affidavit made before a notary public, supporting a request for the requisition of a convicted person, is not sufficient. A paroled convict who violates the terms of his parole may be extradited from one State to another, on the ground that he is a convict whose term has not expired, and who therefore is "charged with crime" under the United States constitution relating to interstate extradition. 8 A. L. R. 903, Hughes *v.* Pflanz, supra; Drinkall *v.* Spiegel, 68 Conn. 441 (36 Atl. 830, 36 L. R. A. 486); Ex Parte Carroll, supra. By parity of reasoning we think a person, as in the instant case, who is out on a conditional pardon which has been revoked is nevertheless still a person who is "charged with crime," within the meaning of the United States constitution and Federal statute relating to extradition.

In Rummerfield *v.* Watson, 335 Mo. 71 (70 S. W. 2d, 895), the Supreme Court of Missouri had before it the question whether the Federal statute makes any distinction between a person sought before or after conviction in so far as the necessity for the production of "an indictment found or an affidavit made before a magistrate." The court said: "In both instances, if the statute is complied with it is necessary for the demanding executive to produce a copy of the indictment or a copy of the affidavit. . . We have not found a case that dispenses with the necessity of producing a copy of an indictment or affidavit where there has been a previous conviction. Nor has counsel cited us any. . . Thus we see that the 'charge' is not merged in the judgment of conviction. We have previously stated that in extradition proceedings it is essential that there be a copy of the indictment or affidavit furnished to executive of the asylum State; and if neither are presented, he does not have jurisdiction to grant the requisition. If there is found in the requisition paper a copy of a judgment of conviction, it only proves the charge. Such paper is wholly unnecessary to sustain the validity of the requisition." Since, in the present case, the affidavit supporting the request for requisition was sworn to and subscribed before a notary public, who, under the laws of the demanding State where the affidavit was executed, is neither a magistrate nor an officer having judicial powers, we think the affidavit was not sufficient to give the executive of the asylum State jurisdiction to grant the requisition. Hence the warrant granted by

the Governor of Georgia on such requisition was void. It was error, on habeas corpus, to deny discharge of the relator on this ground     *Judgment reversed.   All the Justices concur.*