BROYLES *v.* MOUNT, sheriff.

No. 14804.   APRIL 6, 1944.   REHEARING DENIED MAY 5, 1944.

*Paul Crutchfield,* for plaintiff. *John A. Boykin, solicitor-general, E. A. Stephens,* and *Durwood T. Pye,* for defendant.

WYATT, Justice. 1. The plaintiff in error contends that he should have been released because he was not and is not a fugitive from justice. The warrant and requisition papers, introduced in evidence, made out a prima facie case. "When in the trial of a habeas-corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and the law, and this presumption continues until the contrary appears."

*Blackwell* v. *Jennings,* 128 *Ga.* 264 (2) (57 S. E. 484). The evidence offered by the plaintiff in this case cannot be held, as a matter of law, to be sufficient to overcome this presumption. "Where a person is convicted of felony committed by him in one State, and he goes into another State, whether voluntarily or involuntarily, before serving the full term for which he was sentenced, he thereby becomes a fugitive from justice, within the meaning of section 2 of article 4 of the constitution of the United States, and the act of Congress [of] February 12, 1793 (U. S. Comp. St., section 10126). Code, §§ 44-301, 44-302." *Brown* v. *Lowry,* 185 *Ga.* 539 (195 S. E. 759). There is no error in this assignment.

2. The contention is made that the affidavit of E. P. Russell, supporting the request for requisition, is not sufficient because it was made before a notary public and not a "magistrate." 18 U. S. C. A. § 662, provides that "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or Chief Magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear." In *Deering* v. *Mount,* 194 *Ga.* 833, 840 (22 S. E. 2d, 828), it was held that "a paroled convict who violates the terms of his parole may be extradited from one State to another, on the ground that he is a convict whose term has not expired, and who therefore is 'charged with crime' under the United States Constitution relating to interstate extradition." In the instant case, the extradition proceedings, "certified as authentic" by the Governor of Alabama and acted upon by the Governor of Georgia, contained "an indictment found" against Broyles charging him with a felony. The affidavit made by Russell could have served no other purpose but to inform the Governor of Alabama as to the premises. The requisi-

tion of the Governor of Alabama, granted by the Governor of Georgia, was based upon "an indictment found," and not upon "an affidavit made before a magistrate." See *Deering* v. *Mount,* supra.

3. The testimony of the petitioner in the trial court, to the effect that "the agents that came to take him back to the State of Alabama were not the agents named in the authorization of the Governor of Alabama to receive him from the proper Georgia authorities," presented nothing more than a question of fact to be decided by the trial judge, and his finding thereon will not be disturbed.

4. In view of what has been here said, it must be held that none of the constitutional rights of the petitioner were violated, and that there was no error in remanding him to the custody of the respondent.     *Judgment affirmed.   All the Justices concur.*