TAYLOR *v.* FOSTER, Sheriff.

WYATT, Justice. The exception is to a judgment refusing to discharge the applicant, Arthur R. Taylor, on his petition for the writ of habeas corpus. At the time of his application he was duly held in custody, as a fugitive from justice, by A. B. Foster, Sheriff of Fulton County, under an executive warrant of the Governor of Georgia, based on an extradition proceeding by the Governor of California. No attack is made on the extradition proceeding. It appeared that on October 24, 1941, Taylor was sentenced to serve a term of five years after pleading guilty to a felony charge in California. On November 24, 1943, he was conditionally paroled by the State of California to be inducted into the United States Army. Later he was by a general court-martial sentenced to serve ten years in the United States Penitentiary at Atlanta. On October 22, 1948, Taylor was released on parole from the Federal Penitentiary at Atlanta and was immediately arrested by the Sheriff of Fulton County by virtue of the executive warrant issued by the Governor of Georgia, based on the extradition proceeding. Thereupon, this habeas corpus proceeding was instituted. *Held:*

1. "Where a person is convicted of felony committed by him in one State, and he goes into another State, whether voluntarily or involuntarily, before serving the full term for which he was sentenced, he thereby becomes a fugitive from justice, within the meaning of section 2 of article 4, of the Constitution of the United States, and the act of Congress February 12, 1793 (U. S. Comp. St. section 10126)." *Brown* v. *Lowry,* 185 *Ga.* 539 (195 S. E. 759). See also Code, § 44-302; *Broyles* v. *Mount,* 197 *Ga.* 659 (30 S. E. 2d, 48), and cit. The applicant is a fugitive from justice.

2. It is argued that, under the rules and regulations of the Army for inducting men into the Army, the State of California was not authorized to grant a conditional parole for the purpose of allowing a man to be inducted into the Army. The record in this case discloses that was done. We do not think that it can be seriously contended that a conditional parole thus granted by the State of California can by the courts of this State be construed to be a full pardon on the bringing of a habeas corpus proceeding. Whether the Army properly inducted the applicant under its rules and regulations is immaterial; and if he was improperly inducted, this could not have the effect of nullifying a conditional parole granted in California.

3. The plaintiff in error contends that alleged errors were committed in the refusal to admit in evidence certain correspondence between counsel for the plaintiff in error and the State Parole Officer for the State of California. We deem it unnecessary to rule upon this contention, since under the ruling here made the judgment must be

*Affirmed. All the Justices concur.*

No. 16485. FEBRUARY 15, 1949. REHEARING DENIED MARCH 16, 1949.

*C. E. Moore, for* plaintiff.

*Paul Webb, Solicitor-General, Carl B. Copeland,* and *William Hall,* for defendant.