EX PARTE DONALD L. BROWER.

No. 24343. February 23, 1949.
Rehearing Denied March 23, 1949.

*Henry R. Bishop*, Fort Worth, for relator.

*Ernest S. Goens*, State's Attorney, Austin, for the state .

BEAUCHAMP, Judge.

Donald L. Brower filed an application with the Judge of the Criminal District Court No. 2 of Tarrant County, alleging that he is illegally restrained of his liberty by the sheriff of said county; that his restraint was because of a demand made to the State of Texas by the State of Indiana for the issuance of the governor's order returning the applicant to the State of Indiana, as a fugitive from justice.

The grounds upon which he contests the order of the governor of the State of Texas are briefly set out and, as we see the procedure, it is attacked only upon the theory that petitioner was a juvenile at the time he committed the felony in Indiana; and that under the law of the State of Texas, the crime of rape is only a civil proceeding when lodged against a boy sixteen years of age. We find no denial that the offense was a felony in the State of Indiana. To the contrary, he was convicted as such. This is set out in the petition. His confinement was in the reformatory of that state. This is not a determining factor as we have no advice as to Indiana's reason for such punishment in this case. We cannot assume that the crime is not a felony simply because we have a different provision in our own law. He had served two years of a twenty-one year term and had received a parole which was granted upon the condition that he do not leave the state. Admittedly he has violated this condition and came into the State of Texas. Further allegation as to his intentions and purpose are not material.

Neither the appellant nor the state has presented to this court any Texas case dealing with the question raised. Probably there is none. If he was properly charged with a felony in the demanding state, and proper application with proof has been made to the Governor of Texas, it would be his duty to order the delivery of the fugitive to a designated agent of the demanding state. See authorities cited in Decennial Digests, Extradition, Key Nos. 30 and 32.

The fact that he was out of prison, after conviction, under parole would not change the situation. The State of Indiana had a right to fix the conditions of his parole and it has a right to determine whether or not those conditions have been violated. See Words and Phrases, Permanent Edition, Vol. 17, p. 760; Ex parte Gordon, 165A 905 (Vermont); U. S. Constitution, Art. 4, Sec. 2; Reed v. Colpoys, 99 F. (2d) 396-7; Ex parte Foster, 61 P. (2d) 37; Ex parte Nabors, 267 P. 58 (N. M.); Brown v. Lowry, 195 S. E. 759 (Ga.).

Under Butts v. Morehead, 18 N. Y. S. (2d) 696, it is held that a resident of Georgia under sixteen years of age, who had fled to New York, could be extradited after he was indicted for rape, a felony in the State of Georgia. It appears, however, that under the laws of the State of Georgia he could have had his case transferred to a juvenile court by proof that he was under sixteen years of age. In that event the laws of the State of Georgia directed further procedure be in the form of a civil action, in a manner similar to the very complicated, if constitutional, statute of the State of Texas under which appellant in the instant case seeks relief. The conflict of controls resulting from the question arising because of a partial conflict between the statute and the constitution of that state was not discussed, but was passed with the statement that the case was pending in the court having jurisdiction under the constitution and in which an indictment had been returned charging a felony. This opinion was dated February 7, 1940.

At a prior date and on September 19, 1939, the Supreme Court of New York, for the same county, handed down an opinion in People v. Butts, 14 N. Y. S. (2d) 881, in which it refused to sustain the extradition of Willie Lee Butts, a boy thirteen years of age, who was charged with assault with intent to murder in the State of Georgia. The determination of the question rested upon a conclusion that in the State of Georgia a boy under the age of sixteen years could not be guilty of a "crime" and could not be punished as such, but that he receives corrective treatment.

These two cases are based upon the conclusion that it is the law of the demanding state which determines whether or not the party should be extradited. This is in harmony with our federal regulation. We have nothing before us in the instant case to show that the laws of the State of Indiana are like the laws of Texas. If a Texas boy were in the State of Indiana and the governor should request his extradition, it is likely that the courts of that state would follow the second Butts case, supra, and would refuse to return him to Texas, but it does not follow that Texas should do the same thing, as the record now stands before us.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a well-written motion for a rehearing in which he contends that we erred in our original disposition of this case in several respects.

He insists that under the stipulation entered into by him and the duly authorized authorities of the State of Indiana to the effect that he was charged with the offense of rape and found guilty of being a juvenile delinquent. The judgment of conviction by a court of competent jurisdiction cannot be varied by agreements or stipulations. The evidence introduced on the trial of this case in the court below, as reflected by the record, shows that appellant was convicted in the Circuit Court of Grant County, State of Indiana, for the crime of rape, and was sentenced to confinement in the Indiana Reformatory at Pendleton for a maximum period of 21 years. This shows that the law of Indiana is not like the law in this state with reference to juvenile delinquent children. In this state, a juvenile delinquent child cannot be sent to a reformatiory for a period of time beyond the time when he becomes 21 years of age.

Whether defendant was sent to a reformatory or to a penitentiary, in whichever institution he served, he was nevertheless a convict having been convicted of the crime of rape and having been sentenced as aforesaid.

The stipulation upon which appellant relies as grounds for his discharge is in conflict with the record as made in the State of Indiana. This court is bound to adhere to the record as made by the court of the State of Indiana. See Art. 4, Sec. 1, U. S. Constitution; and Houston v. Dunn, 13 Tex. App. 476 (480).

Believing that the affirmance of the order of the trial court in remanding him to the custody of the sheriff to be delivered by him to the duly appointed agent for the State of Indiana and by him taken back to said state was properly affirmed, we therefore overrule appellant's motion for rehearing.

Opinion approved by the Court.