## Mathews v. Foster, Sheriff.

Hawkins, Justice. The exception is to a judgment refusing to discharge the applicant, Horace H. Mathews, on his petition for the writ of habeas corpus. At the time of his application he was duly held in custody, as a fugitive from justice, by A. B. Foster, Sheriff of Fulton County, under an executive warrant of the Governor of Georgia, dated January 12, 1953, based on an extradition proceeding by the Governor of Michigan. No attack is made on the extradition proceeding. It appears that in 1942 Mathews was convicted of a crime in Michigan, and sentenced to serve one and one-fourth to fourteen years, being later conditionally paroled to a dairy farm. On the death of his grandmother he was granted permission to leave Michigan and attend her funeral in New Jersey. Since then the petitioner has served forty-four months of a five-year sentence in the Federal Penitentiary, in Atlanta, Georgia, having been given a conditional release or parole on or about January 2, 1953. *Held:*

1. "The courts of the asylum State can not, upon a writ of habeas corpus, inquire into the guilt or innocence of the accused. No such jurisdiction is given them by law; and it would be a manifestly unwise provision if authority to investigate such a question were conferred on a tribunal that had no power to compel the attendance of witnesses who resided in another State, and whose testimony would be necessary to throw

light on the issue." *Barranger* v. *Baum,* 103 *Ga.* 465, 473 (30 S. E. 524). See also *Mayfield* v. *Hornsby,* 199 *Ga.* 70 (33 S. E. 2d, 312).

2. Irrespective of the Uniform Criminal Extradition Act of 1951 (Ga. L. 1951, p. 726; Code, Ann. Supp., § 44-401 et seq.), the constitutional attack on which need not be considered, where, as in this case, a person who has been convicted of a felony or other crime in another State and released on parole by the authorities of that State with permission to go into another State, violates the terms of his parole by the commission of another felony, or a Federal offense amounting to a felony, he becomes a fugitive from justice within the meaning of section 2 of article 4 of the Constitution of the United States (Code, § 1-403), and the act of Congress of February 12, 1793 (1 Stat. 302; U. S. Comp. St. § 10126; R. S. § 5278; 18 U. S. C. A. § 3182), and subject to extradition by the State where he was convicted and paroled, although he has committed no crime in that State subsequently to his parole. *Beavers* v. *Lowry,* 186 *Ga.* 557 (198 S. E. 692). See also *Brown* v. *Lowry,* 185 *Ga.* 539 (195 S. E. 759); *Deering* v. *Mount,* 194 *Ga.* 833 (22 S. E. 2d, 828); *Broyles* v. *Mount,* 197 *Ga.* 659 (30 S. E. 2d, 48); *Taylor* v. *Foster,* 205 *Ga.* 36 (52 S. E. 2d, 314); Code, § 44-302.

3. "A paroled convict who violates the terms of his parole may be extradited from one State to another, on the ground that he is a convict whose term has not expired, and who therefore is 'charged with crime' under the United States Constitution relating to interstate extradition." *Deering* v. *Mount,* supra, p. 840.

4. "When, in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the Constitution and the law, and this presumption continues until the contrary appears." *Blackwell* v. *Jennings,* 128 *Ga.* 264 (2) (57 S. E. 484). "The evidence offered by the plaintiff in this case cannot be held, as a matter of law, to be sufficient to overcome this presumption." *Broyles* v. *Mount,* supra, p. 661.

5. The plaintiff in error contends that errors were committed in the refusal to admit in evidence certain letters from Michigan authorities to the effect that previous efforts to extradite him had been withdrawn. We deem it unnecessary to pass upon this contention, since under the rulings here made the judgment must be affirmed. *Taylor* v. *Foster,* supra.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18142. SUBMITTED MARCH 10, 1953—DECIDED APRIL 14, 1953.

*Bruce B. Edwards, Jesse T. Edwards, Joe R. Edwards* and *James H. Fox,* for plaintiff in error.

*Paul Webb, Solicitor-General,* and *Charlie O. Murphy,* contra.