### 21568.   JEFFERS v. STATE OF GEORGIA.

HEAD, Presiding Justice. 1. Where a person is convicted of a crime in another State and given a probationary sentence, with permission to return to his home in this State under the supervision of a probation officer of this State, and before the expiration of his probationary sentence, his probation is revoked by the court in which he was convicted, he is a fugitive from justice subject to extradition. Compare *Brown v. Lowry*, 185 Ga. 539 (195 SE 759); *Deering v. Mount*, 194 Ga. 833 (22 SE2d 828); *Broyles v. Mount*, 197 Ga. 659 (30 SE2d 48); *Taylor v. Foster*, 205 Ga. 36 (52 SE2d 314); *Mathews v. Foster*, 209 Ga. 699 (2) (75 SE2d 427).

2. Whether or not the revocation of the probationary sentence by the demanding State in the absence of the probationer was illegal under the laws of that State, is a question for the demanding State to decide under its Constitution, statutory laws, and judicial decisions.

3. The habeas corpus court in the present case had before it duly authenticated documents authorizing the issuance of the extradition warrant, and it was not error to remand the petitioner to the custody of the respondent for the purpose of extradition to the State of South Carolina.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 12, 1962—DECIDED MARCH 12, 1962—
REHEARING DENIED MARCH 23, 1962.

*Aaron Kravitch*, for plaintiff in error.

*Andrew J. Ryan, Solicitor-General, Daniel R. McLeod, Attorney-General of South Carolina, and Wm. L. Pope, Assistant Attorney-General,* contra.

Braxton D. Jeffers brought his petition for a writ of habeas corpus in the City Court of Savannah, asserting that he was illegally in the custody of the sheriff of the court under an extradition warrant by the Governor of Georgia issued for the purpose of delivering him to the authorities of the State of South Carolina. He contended that his detention was illegal because cited laws of the State of South Carolina, copies of which are attached to the petition as exhibits, have no provision wherein probation can be revoked without notice to the probationer and the introduction of evidence, and that the revocation of his probationary sentence was illegal because it was done by the South Carolina court without notice to him and in his absence.

The duly authenticated documents introduced in evidence at the hearing show the petitioner's indictment in the State of South Carolina for housebreaking; his plea of guilty; and his probationary sentence of four years, dated February 23, 1959, which was conditioned in part on his refraining from the violation of any penal law. The special condition of his probation was that he be allowed to return to his home in Georgia. The supervision of his probation was transferred to the Eastern Judicial Circuit Court Probation Officer of Georgia under the compact entered into between the State of South Carolina and the State of Georgia, this State being authorized to enter into such compact by the "Uniform Act for Out-of-State Parolee Supervision." Ga. L. 1950, pp. 405-408 (*Code Ann.* § 27-2701a). The probation sentence was revoked because of the petitioner's conviction on April 7, 1961, in Savannah, Georgia, for malicious mischief.

The trial judge remanded the petitioner to the custody of the respondent, and the exception is to that judgment.