22470. SOVIERO v. THE STATE.

SUBMITTED MAY 11, 1964—DECIDED MAY 28, 1964—
REHEARING DENIED JULY 6, 1964.

*Marjorie C. Thurman, Charles R. Adams,* for plaintiff in error.
*William T. Boyd, Solicitor General, Loy W. Milam, J. Walter LeCraw,* contra.

HEAD, Presiding Justice. Louis Soviero brought an application

for habeas corpus asserting that Ralph T. Grimes, Sheriff of Fulton County, was illegally restraining him of his liberty "by reason of an extradition bond restricting the petitioner to the confines of the State of Georgia." He alleged that the restraint was illegal on the grounds that he is under Federal sentence which must be terminated before the State warrant of extradition can be executed, and the parole violation with which he is charged does not constitute a crime under the laws of the State of New York.

At the hearing the petitioner testified in his own behalf that: He was sentenced in the State of New York in 1942 for a term of ten to thirty years. After serving twelve years of his sentence, he was paroled in 1955. In 1956 he was taken into Federal custody and received a sentence of eight years, which will expire in November, 1965. He was released from the Federal Penitentiary in Atlanta in November, 1963, to the custody of the Sheriff of Fulton County to be held for extradition to the State of New York. He is at liberty under a $1,000 bond. His conditional release from the Federal sentence requires that he report to the United States Probation Office in the State of New York. The State offered in evidence the extradition warrant of the Governor of Georgia dated January 29, 1964.

On February 28, 1964, the trial judge refused to release the petitioner on habeas corpus, and on March 3, 1964, he remanded the petitioner to the sheriff. Error is assigned on these orders.

1. In the bill of exceptions the State of Georgia is designated as the defendant in error. Service of the bill of exceptions was acknowledged by counsel in the office of the Solicitor General of Fulton County. Since the judgments excepted to were rendered in the habeas corpus proceeding, the respondent therein, Ralph T. Grimes, Sheriff of Fulton County, should have been named as the defendant in error. However, the respondent was not a party in his private capacity, but in his official capacity, as an officer and representative of the State. *Day v. Smith,* 172 Ga. 467, 475 (157 SE 639). We will not, therefore, dismiss the bill of exceptions, but will decide the questions made, as was done in *Smith v. State,* 203 Ga. 636 (47 SE2d 866).

2. In the bill of exceptions it is recited that the trial judge in

entering the order refusing habeas corpus "stated that the petition for writ was disallowed because Louis Soviero was on bond and was not incarcerated." Prior to the passage of the Uniform Criminal Extradition Act (Ga. L. 1951, pp. 726-737), which provided for bail in certain instances (*Code Ann.* § 44-416), this court in *Sanders v. McHan*, 206 Ga. 155 (2) (56 SE2d 281), held that "when the parties are before the court, and present in court, we think that the better practice would be for the court to hear and decide the case on its merits, even though the applicant for habeas corpus may have been improperly admitted to bond." The trial judge in the present case should have considered the case on its merits.

3. No attack is made on the regularity of the extradition proceedings. The petitioner asserts that his parole violation does not constitute a crime under the laws of the State of New York.

"A paroled convict who violates the terms of his parole may be extradited from one State to another, on the ground that he is a convict whose term has not expired, and who therefore is 'charged with crime' under the United States Constitution relating to interstate extradition." *Deering v. Mount*, 194 Ga. 833, 840 (22 SE2d 828); *Bartlett v. Lowry*, 181 Ga. 526 (182 SE 850); *Johnson v. Lowry*, 183 Ga. 207 (188 SE 23); *King v. Mount*, 196 Ga. 461 (26 SE2d 419); *Broyles v. Mount*, 197 Ga. 659 (30 SE2d 48); *Taylor v. Foster*, 205 Ga. 36 (52 SE2d 314); *Mathews v. Foster*, 209 Ga. 699 (75 SE2d 427).

It is further contended by the petitioner that he is now under Federal sentence which must be terminated before the warrant of extradition can be executed. His evidence shows that he has a conditional release from a Federal sentence, which release requires that he report to the United States Probation Office in the State of New York. In his brief he quotes from Ponzi v. Fessenden, 258 U.S. 254, 260 (42 SC 309, 66 LE 607), as follows: "The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose."

In applying this rule to the facts shown by the present record, it appears that the State of New York first had jurisdiction of the person of the petitioner, and in any question of conflict of jurisdictions, the State of New York should have preference. The factual situation in the present record in regard to parole by the Federal authorities was in the records in *Brown v. Lowry*, 185 Ga. 539 (195 SE 759), and *House v. Grimes*, 214 Ga. 572 (105 SE2d 745), in both of which cases this court affirmed the judgment refusing to release the applicant on habeas corpus.

Under the record in the present case the only legal judgment which could have been rendered by the trial judge was one refusing to release the petitioner on habeas corpus, and we will not go through the futile motion of sending the case back for a retrial because the trial judge may have based his judgment on the wrong premise.

*Judgment affirmed. All the Justices concur.*