Judgment reversed.

Ed WRIGHT, Appellant,

v.

Clayton RENAKER, Sheriff of Oldham County, Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1965.

J. C. McMurtry, Gallatin, Tenn., for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant filed petition for writ of habeas corpus. The circuit court declined to grant the relief sought and dismissed the petition. This is an appeal from that judgment.

Only questions of law are involved on this appeal. The parties agree the facts are substantially as follows:

On October 12, 1964, appellant was released from Kentucky State Reformatory at LaGrange after serving eighteen months of a two-year sentence for forgery committed in Monroe County, Kentucky. He was immediately arrested in Oldham County as a fugitive from justice, pursuant to KRS 440.-280, to be held for the State of Tennessee on a charge of murder alleged to have been committed in Clay County, Tennessee, in November, 1962. At the time he was returned to Kentucky he was free on bond in the murder case then pending in Clay County, Tennessee. He was returned to Kentucky under the customary extradition procedure without his will or consent.

The appellant urges two grounds for reversal. They are:

(1) The State of Tennessee waived its right to try him for murder by honoring extradition to Kentucky without his consent; and

(2) He was not afforded a "speedy trial," guaranteed by the Sixth Amendment of the Constitution of the United States, and Section 9, Article 1 of the Constitution of the State of Tennessee.

These two grounds present another question, and that is, shall the courts of Kentucky or Tennessee determine the matter? The answer to this question disposes of this appeal. That answer is found in Crady v. Cranfill, Ky., 371 S.W.2d 640, where, in a similar situation, this Court said:

"But as between this state and the State of South Carolina, it seems obvious that South Carolina's interest in these particular prisoners is paramount to ours, and for that reason it would be inappropriate and contrary to sound policy for the courts of this state to arrogate to themselves the prerogative of declaring that South Carolina has forfeited the right to enforce its laws against them. In short, we hold that the privilege of determining whether South Carolina has lost that right should rest exclusively with the courts of that state. This result is, we believe, consistent with the spirit of, if not literally required by, that section of the interstate compact (Article III, KRS 439.560) providing that the decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state. See also Jeffers v. State, 217 Ga. 740, 124 S.E.2d 753 (1926)." Also Brewster v. Luby, Ky., 380 S.W.2d 261.

On the authority of this established rule the judgment is affirmed.