23077. FRAZIER v. GRIMES, Sheriff.

ARGUED SEPTEMBER 15, 1965—DECIDED SEPTEMBER 22, 1965—
REHEARING DENIED OCTOBER 7, 1965.

*Lewis R. Slaton, Solicitor General, Carter Goode, Loy W. Milam, Walter LeCraw,* contra.

CANDLER, Presiding Justice. The Governor of Georgia, on demand from the Governor of Arkansas, issued an extradition warrant for Johnny Lamar Frazier. He was arrested on such warrant in Fulton County and committed to the common jail of that county. He brought habeas corpus against T. Ralph Grimes, the Sheriff of Fulton County and alleged that his detention was illegal because the requisition made by the Governor of Arkansas is void on its face since an affidavit attached thereto was sworn to before a notary public of the demanding State. No other attack was made on the regularity and validity of the extradition proceeding. On the trial of the habeas corpus case the respondent introduced in evidence, without objection, the requisition which the Governor of Arkansas made to the Governor of Georgia which has attached thereto as exhibits the following: A duly certified copy of a criminal information which was filed in the Circuit Court of Crittenden County, Arkansas, on July 20, 1961, charging Johnny Lamar Frazier (the applicant) with the crime of grand larceny, together with his plea of guilty dated September 18, 1961, and a judgment sentencing him to six years in the State Penitentiary, three years of which was held up and suspended during his good behavior; a duly certified copy of an order granted by the Board of Pardons, Paroles and Probation of Arkansas, dated October 15, 1962, revoking the parole which had been granted Frazier on October 3, 1962, on the ground that he had violated the conditions upon which he was paroled; a duly certified copy of a warrant issued by W. P. Ball, Director of the Board of Pardons, Paroles and Probation of Arkansas, dated October 15, 1962, for the retaking or re-arrest of the parolee Frazier; and an affidavit by Director W. P. Ball which was sworn to before a notary public of Pulaski County, Arkansas, and in which he deposed and said that Johnny Lamar Frazier, after his conviction for grand larceny had violated the terms and conditions of the parole granted him and that he was completing a term which he was serving in the Atlanta Federal Penitentiary and that a detainer had been sent to that prison by the authorities of Arkansas. No other evidence was introduced and the applicant was remanded to the custody of the respondent. The applicant excepted to that judgment.

1. "Where a person is convicted of felony committed by him

in one State, and he goes into another State, whether voluntarily or involuntarily, before serving the full term for which he was sentenced, he thereby becomes a fugitive from justice, within the meaning of section 2 of article 4, of the Constitution of the United States, and the act of Congress February 12, 1793 (U.S. Comp. St. § 10126). *Code* §§ 44-301, 44-302." *Brown v. Lowry,* 185 Ga. 539 (195 SE 759).

2. A paroled convict whose parole has been revoked because of a violation of its conditions may be extradited from one State to another, on the ground that he is a convict whose sentence has not expired and who therefore is "charged with crime" within the meaning of Art. IV, Sec. II of the Constitution of the United States and the Act passed pursuant thereto relating to interstate extradition. *Broyles v. Mount,* 197 Ga. 659, 661 (2) (30 SE2d 48).

3. The contention is here made that an affidavit by W. P. Ball which is one of the exhibits to the Governor's demand for extradition of Frazier was sworn to before a notary public and not a "magistrate" and for that reason affords no support for the Governor's requisition. 18 USCA § 662 provides that "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or Chief Magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear." Here the Governor's requisition, as the record shows, was based on a criminal information filed against Frazier in one of the Circuit Courts of Arkansas charging him with the commission of a felony and his plea of guilty to that offense—the equivalent in the demanding State of an "indictment found" and

a plea of guilty for the offense charged thereby together with a copy of an order revoking his parole and a warrant for his re-taking or re-arrest for the purpose of serving the remainder of his sentence, all of which were duly certified as being correct by the Governor's requisition. Since the requisition by the Governor of Arkansas has attached thereto duly authenticated documents which conclusively show that the applicant plead guilty to a felony in the State of Arkansas on September 18, 1961, and that the sentence imposed on him had not expired when requisition was made to the Governor of this State for his return to the State of Arkansas for the purpose of serving an unexpired portion of the term for which he was sentenced, there is no merit in the contention that the trial judge erred in remanding him to the custody of respondent because an affidavit made by Director Ball of the State of Arkansas was sworn to before a notary public instead of a magistrate of the demanding State; and this is true since Ball's affidavit was purely cumulative of other duly authenticated documents attached to and made a part of the Governor's requisition which required the Governor of Georgia to honor his demand for the extradition of Frazier to the State of Arkansas. Accordingly, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*