24716. SHELTON v. GRIMES, Sheriff.

NICHOLS, Justice. A habeas corpus petition was filed in the name of John Paul Shelton in which it was alleged among other things that the petitioner was being illegally detained under an extradition warrant naming Jay Paul Shelton and that the warrant failed to allege that the petitioner "is identical with the person named in said warrant." The trial court remanded the petitioner to the custody of the sheriff and it is from this judgment that he appeals. *Held:*

1. The first enumeration of error, which contends that the case should be remanded to the trial court for written findings of fact and conclusions of law as required by *Code Ann.* § 50-127 (9) (Ga. L. 1967, pp. 835, 838) is without merit inasmuch as that section deals only with habeas corpus cases where the prisoner is being restrained by virtue of a sentence of a State court of record.

2. "No person shall be discharged upon the hearing of a writ of habeas corpus in the following cases, to wit: . . . by reason of any misnomer in the warrant or commitment, where

the court is satisfied that the party detained is the party charged with the offense." *Code* § 50-116 (4); *Williams v. Sipple,* 178 Ga. 61 (172 SE 62); *Gilbert v. Balkcom,* 217 Ga. 168 (121 SE2d 648). The stipulation of counsel for the prisoner that John Paul Shelton was also known as Jay Paul Shelton together with the testimony of the prisoner that on prior arrest records and court records he had been listed as Jay Paul Shelton was sufficient evidence to authorize the trial court to find that the prisoner was the person named in the warrant.

3. "Where, in the trial of a habeas corpus case, it appears that the respondent is holding the petitioner in custody under an executive warrant based on an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed, since there is a presumption that the Governor complied with the Constitution and law, and this presumption continues until the contrary appears. *Blackwell v. Jennings,* 128 Ga. 264 (57 SE 484); *Broyles v. Mount,* 197 Ga. 659 (30 SE2d 48); *Matthews v. Foster,* 209 Ga. 699 (4) (75 SE2d 427)." *Baldwin v. Grimes,* 216 Ga. 390 (116 SE2d 207). In the present case the warrant issued by the Governor of this State was regular on its face and no other evidence was introduced which would overcome the presumption of its validity. The trial court did not err in remanding the prisoner to custody.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 12, 1968—DECIDED JUNE 20, 1968—
REHEARING DENIED JULY 2, 1968.

*Pierre Howard, James L. Mayson,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Carter Goode,* for appellee.