appellees.

## 34719. INGRAM v. DODD.

BOWLES, Justice.

Ingram was convicted of burglary, a felony, in the State of Wisconsin. He was placed on probation in the custody of the State Department of Health and Social Services pursuant to the terms of the probation statutes of the State of Wisconsin for a term of five years. Within the time of his probated sentence, appellant was arrested on a fugitive's warrant in Gwinnett County, Georgia.

Ingram appeals from a judgment in his habeas corpus proceedings ordering him to be extradited to Wisconsin. We affirm.

1. Appellant complains that Code Ann. § 44-404 which provides for the extradition of parole violators is unconstitutional insofar as it is used to extradite an alleged probation violator without the demanding state's having independently alleged that a further substantial crime has been committed by that person.

"Where a person is convicted of felony committed by him in one State, and he goes into another State, whether voluntarily or involuntarily, before serving the full term for which he was sentenced, he thereby becomes a fugitive from justice, within the meaning of section 2 of article 4 of the constitution of the United States, and the act of Congress [of] February 12, 1793 (U. S. Comp. St., section 10126)." *Brown v. Lowry,* 185 Ga. 539 (195 SE 759) (1938); *Broyles v. Mount,* 197 Ga. 659 (30 SE2d 48) (1944); *Frazier v. Grimes,* 221 Ga. 375 (145 SE2d 39) (1965). A probationer is one serving a sentence outside, rather than inside, prison. A probationer whose probation has been revoked because of a violation of its conditions may be extradited from one state to another on the ground that he is a convict whose sentence has not expired, and who is "charged with crime" within the meaning of the United States Constitution. There is no constitutional requirement that a fugitive be shown to have committed an additional crime while a fugitive. A showing of his status as a fugitive is sufficient to support extradition

proceedings.

The requisition of the Governor of Wisconsin is accompanied by duly authenticated documents which show that appellant was convicted of burglary on March 2, 1973, and placed on probation for five years; that the sentence imposed had not expired when the requisition was made; and that the demand is based on a violation by appellant of the terms of his probation. Code Ann. § 44-404 is found not to be unconstitutional on any ground alleged by appellant.

2. The record shows that appellant was represented by retained counsel at the habeas corpus hearing and in this appeal. Therefore, his argument that he was denied his right to counsel is without merit.

3. The requirements for extradition set forth in Michigan v. Doran, — U. S. — (99 SC 530, 58 LE2d 521) (1978), having been met, we affirm the judgment of the habeas corpus court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 16, 1979 — DECIDED MAY 31, 1979 — REHEARING DENIED JUNE 22, 1979.

*Barry G. Sikes,* for appellant.

*Bryant Huff, District Attorney, Malcomb McArthur, Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* amicus curiae.