21182

GENESCO, INC., Respondent, v. PALMETTO PLAZA SHOPPING CENTER, INCORPORATED a/k/a Palmetto Plaza Shopping Center, Inc. and Hardee's Food Systems, Inc., Appellants.

(265 S. E. (2d) 34)

*Howard P. King,* of *Bryan, Bahnmuller, King, Goldman & McElveen, Ramon Schwartz, Jr.,* of *Schwartz & DuRant,* and *Marion D. Myers,* of *Lee, Moise, Myers & Erter,* Sumter, for appellants.

*William C. Stork,* of *Barnes, Austin & Lightsey,* Columbia, *for respondent.*

April 2, 1980.

NESS, Justice:

This appeal is from an order granting respondent Genesco, Inc., a permanent injunction restraining appellants Palmetto Plaza Shopping Center, Inc., and Hardee's Food Systems, Inc., from constructing a restaurant and voiding a lease between Palmetto Plaza and Hardee's. We reverse.

In December 1962 respondent and Palmetto Plaza entered into a long term lease of a building in the Palmetto Plaza Shopping Center in Sumter, South Carolina.[1] A plat of the proposed buildings, common facilities and areas reserved for future expansion was integrated into the lease. Under the lease, Palmetto Plaza covenanted to provide and maintain parking areas as part of the common facilities for tenants' use.

In March 1977 Palmetto Plaza and Hardee's entered into an agreement to build and lease a fast food restaurant in the shopping center parking area. Respondent sought to have the construction enjoined. Upon referral the master recommended denying the injunction. The trial court rejected the master's report and directed appellants to remove the improvements and restore the parking area to its prior condition.

---

[1] Respondent owns and operates Kress variety stores.

Basically appellants contend respondent consented to the construction of the restaurant in its present location. Since the master and trial judge disagreed, we review and record to determine the evidence according to its greater weight or preponderance. *Bryant v. Coleman,* 271 S. C. 512, 248 S. E. (2d) 479 (1978); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). We conclude respondent consented to the restaurant's construction.

On August 31, 1976, while Palmetto Plaza and Hardee's were negotiating their lease, Palmetto Plaza's treasurer, Richard Moses, wrote respondent advising it of the negotiations and informing it of the restaurant's proposed location. Respondent did not reply to this letter.

On November 12, 1976, Moses again wrote respondent, this time requesting a response to the August 31 letter. On November 22nd, respondent's director of real estate, J. Harvey Ruth, replied:

"— Kress would prefer to leave this Center in a *status quo* position. *If you feel you must add additional tenants such as the one requested, it is our feeling this decision is entirely yours."* (Emphasis supplied.)

Moreover, in a subsequent telephone conversation, Ruth told Moses respondent would not use legal means to restrain construction and in fact would assist Palmetto Plaza with its institutional lender.

Assuming without deciding Palmetto Plaza breached its lease with respondent, we recognize a party to a contract may lose its right to enjoin another party's breach by consenting either expressly or implicitly through words or acts inconsistent with an intention to enforce the contract's terms. *Day v. City of Beatrice,* 169 Neb. 858, 101 N. W. (2d) 481 (1960); 43A C. J. S., *Injunctions,* § 89 (d), p. 112. We hold the letter and statement by respondent's

agent, made without any indication of limits on his authority, rendered respondent's action for an injunction inequitable, and the requested relief should have been denied.

We stated in *Vickery v. Powell,* 267 S. C. 23, 28, 225 S. E. (2d) 856, 858 (1976), "[t]he law favors the free and unrestricted use of property, resolving doubts and ambiguities in favor of free use and against restrictions." Also see 21 C. J. S., *Covenants,* § 19, p. 895; *Edwards v. Surratt,* 228 S. C. 512, 90 S. E. (2d) 906 (1956); *State-Planters Bank of Commerce & Trusts v. Standard Cary Corporation,* 256 S. E. (2d) 778 (Va. 1967).

We are not concerned with construction of improvements on another's land. Palmetto Plaza, not Genseco, owns the land on which the restaurant is being constructed. We are concerned with the attempted enforcement of covenants designed to accomplish only narrow purposes.

Our holding renders appellants' remaining exceptions moot. The order appealed from is reversed and the injunction granted respondent dissolved.

Reversed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.